VALERIE H. PARKER v. RHONDLE M. PARKER

No. 7221DC18

(Filed 23 February 1972)

1. **Divorce and Alimony § 21— support payments — nonresident — posting of bond**

   The court properly required defendant husband to post a security bond of $2,000 to secure his compliance with a judgment requiring him to make monthly payments for support of his wife and children, where the court found that defendant no longer resides within this State and that he has no attorney of record in the case. G.S. 50-16.7(b); G.S. 50-13.4(f) (1)

2. **Divorce and Alimony § 21; Husband and Wife § 11— support payments — consent judgment — contempt proceedings**

   Where, in the wife's action for alimony and child support, the parties agreed to the terms of a judgment providing that the husband would make specified monthly support payments, and the judgment entered by the court ordered the husband to make the payments which he had agreed to make, the husband's obligation to make the support payments may be enforced by contempt proceedings.

APPEAL by defendant from *Clifford, District Judge,* 17 June 1971 Session of District Court held in FORSYTH County.

On 11 April 1969 plaintiff filed action against her husband for alimony, and custody and support of minor children born of

the marriage. When the matter came on for final hearing the parties agreed upon a settlement as to all issues in controversy and consented to a judgment which was entered by Judge Rhoda B. Billings, 14 November 1969.

The judgment recited the terms of the agreement of the parties and then provided, among other things: "NOW, THERE-FORE, BY CONSENT, IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED that the plaintiff shall have the full custody, care and control of the minor children of the marriage above named, . . . and it is FURTHER ORDERED that the defendant shall pay $200.00 per month to the plaintiff for the support of the plaintiff and minor children of the marriage, 1/3 to each, for a period of four months, and shall pay the same into the office of the Clerk of Superior Court of Forsyth County, beginning November 1, 1969, and continuing through February, 1970, and that be-ginning on March 1, 1970, the defendant shall pay the sum of $250.00 into the office of the Clerk of Superior Court of Forsyth County, or 50% of his net income, whichever is greater, for the support of the plaintiff and minor children of the marriage, and the defendant shall furnish to the plaintiff such satisfactory evidence of his earnings and business expenses as the plaintiff may require."

On 24 May 1971, pursuant to a motion filed by plaintiff, defendant was ordered to appear in District Court in Forsyth County to show cause as to why he should not be held in con-tempt of court for failure to maintain support payments as provided by the consent judgment. Defendant appeared as or-dered and moved to dismiss plaintiff's motion on the ground the judgment of 14 November 1969 "is a contract between the parties and not a judgment enforceable as by contempt proceed-ings." Defendant's motion to dismiss was denied and he ex-cepted.

After a hearing, the court entered an order reciting that defendant's contempt, if any, had been purged by paying the accumulated arrearage of $600.00 before the hearing. The order further provided that defendant pay $100.00 counsel fees to plaintiff's attorney, and that he post a security bond of $2,000.00 to secure his future appearance pursuant to processes issued in the cause, and to secure his compliance with orders previously entered.

Defendant excepted to the order and appealed.

*Pettyjohn and Frenck by H. Glenn Pettyjohn for plaintiff appellee.*

*Wilson and Morrow by Harold R. Wilson for defendant appellant.*

GRAHAM, Judge.

[1]   Defendant questions only whether the court had jurisdiction to entertain plaintiff's motion and not whether, if jurisdiction were present, the court could properly order him to post a bond. In passing we note that the court found that defendant no longer resides within this State and that he has no attorney of record in this case. Under these circumstances, requiring a bond was an appropriate method of enforcing the court's decree. See G.S. 50-16.7(b) ; G.S. 50-13.4(f) (1).

[2]   The court had jurisdiction to hear the motion unless, as defendant contends, the consent judgment of November 1969 is a mere contract between the parties, approved by the court. We hold that the judgment is more than a contract because in it the court specifically orders defendant to make the payments which he agreed to make. In *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240, Justice Sharp, speaking for the court, clearly distinguishes between the kinds of consent judgments which are enforceable by contempt and those which are not:

> "Consent judgments for the payment of subsistence to the wife are of two kinds. In one, the court merely approves or sanctions the payments which the husband has agreed to make for the wife's support and sets them out in a judgment against him. Such a judgment constitutes nothing more than a contract between the parties made with the approval of the court. Since the court itself does not in such case order the payments, the amount specified therein is not technically alimony. In the other, the court adopts the agreement of the parties as its own determination of their respective rights and obligations and orders the husband to pay the specified amounts as alimony."

The judgment here is of the latter type. A court is not rendered powerless to enforce its decree because the terms of the decree have been consented to by the parties. *Mitchell v.*

*Mitchell,* 270 N.C. 253, 154 S.E. 2d 71. The fact defendant consented to the terms of the judgment renders him under no less a duty to do what the court ordered than would be the case if there had been no consent.

Defendant attempts to argue that the judgment of 14 November 1969 does not contain sufficient findings of fact. Suffice to say, defendant did not except to that order but consented in writing to its provisions. He certainly may not attack it now.

Affirmed.

Chief Judge MALLARD and Judge HEDRICK concur.