ROBERT H. SEABORN v. ANNA R. SEABORN

No. 7610DC768

(Filed 16 March 1977)

Divorce and Alimony § 19— consent judgment — alimony and property settlement — motion for increase in alimony

The support and property settlement provisions of a consent judgment entered in an absolute divorce action were separable, and the wife could obtain a modification of the amount of permanent alimony ordered by the judgment upon a showing of changed circumstances; therefore, the trial court erred in denying the wife's motion for an increase in alimony on the ground that the consent judgment constituted a final settlement of the amount of alimony.

APPEAL by defendant from *Greene, Judge.* Order entered 12 May 1976 in District Court, WAKE County. Heard in the Court of Appeals 8 March 1977.

In May of 1969 defendant in the present action filed for divorce *a mensa et thoro* from plaintiff on the ground that he had abandoned her. A judgment was entered in that case whereby plaintiff was ordered to pay defendant $80.00 a month in support payments. On 1 July 1971 plaintiff instituted an action for absolute divorce based on one year's separation. On 9 December 1971 a judgment was entered granting the absolute divorce. Four days later a consent judgment was entered in the cause, the pertinent parts of which stated:

" . . . counsel for the plaintiff and the defendant represented in open Court that the plaintiff and the defendant have agreed upon a full and final settlement of all matters in controversy between them including all of their respective legal and equitable property rights of every nature and kind, and an increase of the monthly payments from

Eighty Dollars ($80.00) to One Hundred Fifty Dollars ($150.00) per month, it is, by consent, ORDERED, ADJUDGED and DECREED:

"1. That said Judgment appearing in 68 CVD 1170 be and it is hereby amended so as to increase the monthly payments provided therein from Eighty Dollars ($80.00) per month to One Hundred Fifty Dollars ($150.00) per month, which said payments the said Robert H. Seaborn has agreed to pay monthly during the natural life of Anna R. Seaborn or until she remarries, the first payment of One Hundred Fifty Dollars ($150.00) to be made on the 1st day of January, 1972."

Also as provisions "2" and "3" of the consent judgment, plaintiff deeded to defendant his interest in one piece of real property owned jointly by them, and she deeded her interest in a second jointly-owned lot to him.

The present controversy arose when defendant filed a motion in the cause on 13 April 1976 seeking arrearages in monthly support payments and also a modification of the consent judgment to increase support payments due to material changes in circumstances. At the hearing on the motion both parties presented evidence. Defendant's testimony tended to show that she had not received support payments for March and April of 1976. Her testimony further tended to show that she had, since 1971, a history of mental health problems that culminated in nervous collapse, for which she was hospitalized in May 1973. Since that time she has been under continual mental care for a psychotic nervous disorder. At the time of the divorce in 1971 she was employed as a waitress earning $600.00 a month over and above the monthly support payments of the plaintiff. Since her collapse, she has been unable to return to work and has been receiving full disability Social Security benefits. These benefits, along with her support payments, amount to a $306.00 monthly income, some $400.00 a month less than her income prior to the 1973 collapse.

Plaintiff's testimony tended to show that he had deposited checks for the March and April support payments in the mail. His testimony further tended to show that he owned a pharmacy from which he earned approximately $150.00 a week.

In its order the court stated as findings of fact those items testified to by both parties. It approved a settlement of the two

disputed support payments and denied defendant's motion for an increase in support on the grounds that the consent judgment in the final divorce action constituted a "full and final settlement of all matters in controversy between the plaintiff and the defendant, both legal and equitable property rights of every nature and kind." From this order defendant appeals.

*Douglass & Barham, by Clyde A. Douglass II for the plaintiff.*

*Thomas L. Barringer for the defendant.*

BROCK, Chief Judge.

Plaintiff contends and the trial court so found, that the consent judgment constituted a full and final settlement of all matters between the parties. As such, the entire judgment is immune from further judicial modification. We disagree.

Modification is improper in a consent judgment which completely settles all property and marital rights between the parties "and which does not award alimony within the accepted definition of that term." *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240 (1964). In the present case alimony within the accepted definition of the term was awarded. The consent judgment recited the prior history of the matter stating that the defendant was awarded "alimony in the sum of Eighty Dollars ($80.00) per month" in a previous action, 68CVD1170.

The consent judgment thereafter ordered, in the first provision, that the judgment in 68CVD1170, ordering the $80.00 a month alimony, be amended to increase monthly payments to $150.00. In the second and third provisions the parties reciprocally transferred their interests in two parcels of real property.

" . . . [A]n agreement for the division of property rights and an order for the payment of alimony may be included as separable provisions in a consent judgment. In such event the division of property would be beyond the power of the court to change, but the order for future installments of alimony would be subject to modification in a proper case." *Id.* at 70, 136 S.E. 2d at 243.

In the consent judgment in question, the support provision and property settlement provision are separable. Since the judgment was entered on 13 December 1971, G.S. 50-16.9(a)

applies. Under that statute the defendant may obtain a modification of the order for permanent alimony upon a showing of changed circumstances, even though the order was by consent. *Brooks v. Brooks,* 12 N.C. App. 626, 184 S.E. 2d 417 (1971).

Even under *Bunn v. Bunn, supra,* which was decided prior to the enactment of G.S. 50-16.9(a), the amount of support payments is susceptible to court-ordered modification. Here the court ordered, adjudged, and decreed, albeit by consent, that the plaintiff increase his monthly support payments from $80.00 to $150.00. By making such order in the consent judgment, the court has gone beyond mere approval of the payments so as to adopt the agreement of the parties as its own determination of their respective rights and obligations. *Id.; see also Parker v. Parker,* 13 N.C. App. 616, 186 S.E. 2d 607 (1972). Such a judgment "being an order of the court, may be modified . . . at any time changed conditions make a modification right and proper." *Bunn v. Bunn, supra* at 69, 136 S.E. 2d at 243.

Since the court's order in this case denying defendant's motion for an increase in payments is based on the erroneous ruling that the consent judgment constituted a final settlement of the amount of alimony, said order is reversed. The cause is remanded for further proceedings to determine whether or not a change of conditions has occurred and whether or not an increase in alimony payments is warranted.

Reversed and remanded.

Judges PARKER and ARNOLD concur.