SALLIE WALSTON WHITE v. JAMES EDGAR WHITE

No. 777DC607

(Filed 15 August 1978)

1. Divorce and Alimony § 19.5— consent judgment—division of property and alimony award—separability

   In this jurisdiction an agreement for division of property rights and an order for the payment of alimony may be included as separable provisions in a consent judgment; however, if the support provision and the division of property constitute a reciprocal consideration so that the entire agreement would be destroyed by a modification of the support provision, they are not separable and may not be changed without the consent of both parties.

2. Divorce and Alimony § 19.5— consent judgment—division of property and alimony award not inseparable

   Where there was nothing on the face of the record which was before the district court which would indicate that the periodic alimony payments which defendant was ordered to pay to plaintiff under the terms of an earlier consent judgment constituted reciprocal consideration for a property division and nothing on the face of the consent decree to indicate, as a matter of law, that the alimony payments were anything other than "permanent alimony," as so denominated, the district court erred in concluding as a matter of law that the property division and support provisions embodied in the consent judgment were reciprocal consideration and thus the support provision was not subject to modification.

3. Divorce and Alimony §§ 19.2, 19.3— modification of alimony order—changed conditions alleged—specific allegations unnecessary

   The trial court erred in dismissing plaintiff's motion for a modification of a consent judgment to increase the amount of support defendant was required to pay on the ground that the only change in circumstances alleged by plaintiff was a substantial increase in defendant's income, since plaintiff also alleged that the amount of alimony as set forth in the consent judgment was "totally inadequate under the current circumstances," and specific allegations as to the basis of such inadequacy were not required.

   Judge MITCHELL dissenting.

APPEAL by plaintiff from *Harrell, Judge*. Order entered 18 May 1977 in District Court, WILSON County. Heard in the Court of Appeals 25 April 1978.

Certain facts found by the court below which are not in dispute and which reveal the background of the controversy now before this Court are set out as follows:

"1. This action was originally instituted in the Superior Court of Wilson County on June 22, 1966, by the filing of a Complaint, which alleged a claim for alimony without divorce against the defendant. In apt time, the defendant answered, denied the material allegations of the complaint and alleged several defenses including the defense of adultery. Additionally, the defendant filed a cross-action for absolute divorce based upon several grounds including separation for the requisite period of time and the commission of adultery by the plaintiff. In response to the defendant's action or claim for an absolute divorce, the plaintiff in due time denied the material allegations and alleged several defenses."

\* \* \*

"3. Subsequently, the parties resolved and settled all differences between them. Two judgments were thereafter entered. The first is dated November 17, 1969 and was filed in the Office of the Clerk of Superior Court in Wilson County on November 24, 1969. The second is dated November 18, 1969, and was filed in the Office of the Clerk of Superior Court in Wilson County on November 24, 1969.

4. The Consent Judgment dated November 17, 1969 (hereinafter referred to as the November 17th Consent Judgment), to which each of the parties and their respective counsel assented, provided, in pertinent part:

'And it appearing to the Court that this is an action for alimony and divorce and that a duly verified complaint and answer have been filed; and that all things and matters in controversy arising out of the actions and pleadings have been agreed upon and settled; and the Court finding as a fact that said agreement is just and agreeable with respect to both parties and adopting the agreement of the parties as its own determination of their respective rights and obligations;

'IT IS NOW, THEREFORE, ORDERED, ADJUDGED, AND DECREED:

'1. That James Edgar White shall pay to Sallie Walston White as permanent alimony the following sums:

'(a) $100.00 per week beginning November 17, 1969 and $100.00 on each and every Monday thereafter as like payment until the remarriage or death of Sallie Walston White, whichever occurs first;

'(b) $1,000.00 in one (1) lump sum payment;

'2. That said James Edgar White shall convey to Sallie Walston White by warranty deed his one-half interest in their home located at 306 South Deans Street, Wilson, North Carolina, free and clear of all liens and encumbrances; and that she shall also receive all the right, title and interest in and to all the furnishings and household goods located in said home.'

This November 17th Consent Judgment was rendered and signed by J. Phil Carlton, Chief Judge of the District Court of the Seventh Judicial District. The agreement of the plaintiff and the defendant was set out by the Court in numbered paragraphs 1(a), 1(b), 2 and 3 of the November 17th Consent Judgment. Numbered paragraph 3 taxed the costs of the action to the defendant."

\*    \*    \*

"6. The 'Judgment' dated November 18, 1976, (hereinafter referred to as the November 18th Judgment) grants the defendant the absolute divorce sought in his original cross-action. . . ."

\*    \*    \*

"7. On October 13, 1976, the plaintiff filed a motion in which she requested that the November 17th Consent Judgment be modified by increasing 'the amount of support that the Defendant has to pay to the Plaintiff as permanent alimony.' Additionally, the plaintiff prayed for the recovery of her costs and the allocation of reasonable attorney's fees for her counsel to be paid by the defendant.

8. The only basis alleged in the October 13, 1976 motion of the plaintiff as a basis for the modification of the November 17th Consent Judgment is that the income of the defendant has substantially increased since the entry of the November 17th Consent Judgment.

**White v. White**

9. By motion dated December 9, 1976, the defendant moved to dismiss or deny the October 13, 1976 motion of the plaintiff in that the November 17th Consent Judgment was, as a matter of law, not subject to modification or amendment by the Court."

From the above, and additional findings of fact, the district court reached the following conclusions of law, as follows:

"1. The terms of the November 17th Consent Judgment constitute a contract between the plaintiff and the defendant.

2. The entire agreement and contract between the plaintiff and the defendant as set out in the November 17th Consent Judgment would be destroyed by a modification of the support provision because the support provision and the provision for the distribution of property constitute a reciprocal consideration.

3. The support provision and the provision for the distribution of real and personal property are not separable and may not be changed.

4. The November 17th Consent Judgment is not subject to modification without the consent of both parties. Here the defendant does not consent and, therefore, it is not subject to modification.

5. Even if the November 17th Consent Judgment were subject to modification because of changed circumstances, there is not sufficient cause to modify the November 17th Consent Judgment solely because the income of the defendant has substantially increased since the entry of the November 17th Consent Judgment and for that reason alone."

Based upon its findings and conclusions, the district court denied plaintiff's motion to modify the support payments. Plaintiff excepted to the signing and entry of judgment, and appealed to this Court.

*Moore, Diedrick & Whitaker, by Edgar Moore, for the plaintiff.*

*Farris, Thomas & Farris, by Allen G. Thomas; Biggs, Meadows, Batts, Etheridge & Winberry, by Charles B. Winberry, for the defendant.*

BROCK, Chief Judge.

The district court concluded as a matter of law that the November 17th Consent Judgment constituted a contract between plaintiff and defendant; that the agreement would be destroyed by a modification of the support provision inasmuch as the support and property distribution provisions constituted reciprocal consideration and were not separable; and that the November 17th Consent Judgment was not subject to modification without the consent of both parties. We cannot affirm these conclusions based upon the record which was before the district court and which is now before us.

[1] It is clear in this jurisdiction that (1) an agreement for division of property rights, and (2) an order for the payment of alimony, within the accepted definition of that term, may be included as separable provisions in a consent judgment. *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964). In such a case, the alimony provision is subject to modification where it has been ordered by the district court. *Bunn v. Bunn, supra; Seaborn v. Seaborn*, 32 N.C. App. 556, 233 S.E. 2d 67 (1977). "However, if the support provision and the division of property constitute a reciprocal consideration so that the entire agreement would be destroyed by a modification of the support provision, they are not separable and may not be changed without the consent of both parties." (Citations omitted.) *Bunn v. Bunn*, 262 N.C. at 70, 136 S.E. 2d at 243. Stated somewhat differently in 2A Nelson on Divorce and Annulment (2d ed. rev. 1961) § 17.03, p. 25: ". . . whether a decree or award made pursuant to an agreement or arrangement between the parties is subject to modification may depend upon whether it is in effect an award of alimony or support, or an adjustment and settlement of property rights."

[2] Applying the quoted principle, the district court concluded as a matter of law that the property division and support provisions

---

**White v. White**

---

embodied in the consent judgment were reciprocal consideration and thus the support provision was not subject to modification.

We find nothing on the face of the consent judgment which indicates that the provision for alimony payments to plaintiff was part and parcel of a property division agreed to by plaintiff and defendant. The only North Carolina case we have found which expressly discusses the problem of whether support and property provisions are separable is *Britt v. Britt*, 36 N.C. App. 705, 245 S.E. 2d 381 (1978). In that case, a separation agreement expressly provided that its provisions were divisible. For a collection of cases from other jurisdictions dealing with the question, *see Annot.* 61 A.L.R. 3d 520, § 19-23 (1975).

The court in *Scanlon v. Scanlon*, 60 N.M. 43, 287 P. 2d 238 (1955) held an alimony provision severable from a property settlement, noting several factors which influenced its decision, including, *inter alia*:

— no showing that the property division would have been different if the support provision had not been made;

— no showing that the amount of support was determined out of any consideration of the value of any property the parties may have received under the terms of the agreement.

In *Movius v. Movius*, 163 Mont. 463, 517 P. 2d 884 (1974), factors considered by the court in finding an alimony provision severable included, *inter alia*:

— that the wife sought alimony in her pleadings, and the court awarded same;

— that the alimony was to terminate in case of wife's remarriage;

— that the wife assumed no liabilities, nor was there any evidence that she gave up anything in the way of support and maintenance in consideration of a more favorable property division.

The court went on to say:

"In short, here there is no interrelationship between the alimony provisions and the property division that would

destroy the rest of the contract if the amount of alimony payments were modified by the court. Absent such mutual interdependency, the alimony provisions of the agreement incorporated in the decree are not an integral part of the property settlement but are in all respects separable therefrom and subject to subsequent modification by the court in its discretion on a proper showing of changed circumstances." 163 Mont. at 468, 517 P. 2d at 887.

The California courts have dealt extensively with the problem at hand. *See, e.g., Plumer v. Plumer*, 48 Cal. 2d 820, 313 P. 2d 549 (1957); *DiMarco v. DiMarco*, 60 Cal. 2d 387, 33 Cal. Rptr. 610, 385 P. 2d 2 (1963). These cases supply *indicia* that an agreement is integrated, thus precluding modification of support payments, including: agreement between husband and wife that their purpose is to reach a final settlement of rights and duties with respect to *both property and support*, that they intend that support provisions constitute reciprocal consideration for property provisions, and that they waive all rights arising out of the marital relationship except those expressly set out in the agreement.

It goes without saying that each case involving the issue at hand must be decided upon its own facts. We are, however, guided by the reasoning and principles employed by courts of other jurisdictions which have considered the question, as reflected in the above cited cases. We are unable to agree with the district court that the alimony provisions of the consent judgment were other than as denominated, *i.e.*, alimony. Much significance is attributed by the defendant to the recitals in the consent judgment and the judgment of divorce to the effect that all matters in controversy arising from the pleadings had been agreed upon. We do not consider such language determinable upon the question as to whether the support provision of the consent decree is separable, or instead constituted consideration for a property settlement. Matters in controversy which arose from the pleadings and were settled by the consent judgment included questions relating to abandonment, adultery, indignities, dependency, and support obligations, etc. Not in controversy on these pleadings were matters relating to the division of property owned jointly by the parties.

In sum, our holding is that there is nothing on the face of the record which was before the district court which would indicate that the periodic alimony payments which defendant was ordered to pay to plaintiff under the terms of the consent judgment constituted reciprocal consideration for a property division. There is nothing on the face of the consent decree to indicate, as a matter of law, that the alimony payments were anything other than "permanent alimony", as so denominated.

[3] The question remains, however, whether the trial court erred in dismissing plaintiff's motion on the alternative grounds that the only change in circumstances alleged was a substantial increase in defendant's income. Notwithstanding that the district court found as a fact that such was the only change of circumstances alleged by plaintiff in order to determine the propriety of the entry of judgment of dismissal, we have examined plaintiff's pleading to determine if the allegations contained therein were sufficient to withstand a motion to dismiss. We hold that they were sufficient.

Paragraph 6 of plaintiff's motion reads as follows:

"That the Plaintiff Sallie Walston White is informed and believes and therefore alleges that the defendant is currently earning in excess of $100,000.00 per year, which amounts to a substantial change in circumstances warranting an increase in the amount of permanent alimony that is to be paid to her by the Defendant, *since the amount of $100.00 per week as set forth in the Judgment of November 17, 1969, is totally inadequate under the current circumstances.*" (Emphasis added.)

While plaintiff would bear the burden of showing a substantial change of circumstances at a hearing upon the question of modification, the allegations to the effect that the then-current payments were inadequate were sufficient to withstand defendant's motion. Specific allegations as to the basis of such inadequacy were not required. *Elmore v. Elmore*, 4 N.C. App. 192, 166 S.E. 2d 506 (1969).

For the reasons stated, the order of the district court dismissing plaintiff's motion in the cause is reversed and this cause is remanded for a hearing.

Reversed and remanded.

Judge HEDRICK concurs.

Judge MITCHELL dissents.

Judge MITCHELL dissenting.

I would hold that the trial court correctly interpreted paragraph 6 of the plaintiff's motion, quoted in full in the majority opinion, as alleging no change of circumstances other than an increase in the defendant's income. The majority relies upon the last clause of that paragraph which alleges that the defendant's weekly payments for the support of the plaintiff as required by the consent judgment of 17 November 1969 are "totally inadequate under the current circumstances." When the paragraph is read in its entirety, however, it is apparent that the language relied upon by the majority relates back to the remainder of the paragraph which, in my view, alleges that the "current circumstances" have been brought about *solely* by virtue of an increase in the defendant's income. The plaintiff does not allege, nor did she allege in 1969, that the payments by the defendant were not adequate when agreed upon to support her in the manner to which she had become accustomed during the marriage. Instead she relies *solely* upon her allegation of increase in the defendant's earnings. Although I have found no North Carolina case directly in point, I would hold that payments for the support of a dependent former spouse, without regard to whether they are designated as "alimony," may not be modified *solely* by virtue of improvements in the financial status of the supporting spouse. *Arnold v. Arnold*, 332 Ill. App. 586, 76 N.E. 2d 335, 18 A.L.R. 2d 1 (1947).

Additionally, in *Bunn v. Bunn*, 262 N.C. 67,. 136 S.E. 2d 240 (1964), Justice Sharp (now Chief Justice), spoke for a unanimous Supreme Court of North Carolina and held that:

[A]n agreement for the division of property rights and an order for the payment of alimony may be included as separable provisions in a consent judgment. In such event the division of property would be beyond the power of the court to change, but the order for future installments of

alimony would be subject to modification in a proper case. *Briggs v. Briggs*, 178 Or. 193, 165 P. 2d 772, 166 A.L.R. 666. However, if the support provision and the division of property constitute a reciprocal consideration so that the entire agreement would be destroyed by a modification of the support provision, they are not separable and may not be changed without the consent of both parties. 2 A Nelson on Divorce and Alimony (2d Ed. Rev.) § 17.03; Annot., 166 A.L.R. 693-701.

262 N.C. at 70, 136 S.E. 2d at 243.

Here, the original judgment of 17 November 1969 states on its face that the parties have consented and agreed that the judgment is just and agreeable with respect to them and that the judgment is determinative "of their respective rights and obligations." The trial court's judgment of 18 November 1969 granting the defendant an absolute divorce is made a part of the record on appeal and its terms and date of entry indicate that it was consented to by the plaintiff as consideration for the consent of the defendant to the judgment of the previous day. Where, as here, the consent judgment establishing support for the dependent spouse is consented to as consideration for other consent judgments or agreements also a part of such final settlement and states specifically that the purpose of the parties is to reach a final settlement of their rights and duties, I would hold such facts to constitute conclusive evidence that an integrated and not a separable agreement was intended and entered. *See DiMarco v. DiMarco*, 60 Cal. 2d 387, 385 P. 2d 2, 33 Cal. Rptr. 610 (1963). To permit the trial court now to modify the provisions of this agreement would destroy the whole, as it was based upon the reciprocal considerations flowing between the defendant and the plaintiff at the time of their divorce. In my view, this would violate the teaching of *Briggs* that, where such an "entire agreement" will be destroyed by modification, it is not separable and may not be changed without the consent of the parties. Nor do I find the fact that the reciprocal considerations here are contained in two judgments dealing with divorce, property settlement and support, rather than a single judgment containing reciprocal provisions for a division of property and for support, sufficient ground upon which to declare the agreement of the parties separable.

I fear the holding of the majority will encourage dependent spouses to enter agreements and consent to judgments which adequately provide for their needs in the manner to which they are accustomed at the time of their divorce, then forever review the fortunes of their former spouses with an eye toward achieving a windfall profit *solely* by virtue of the improvement of those fortunes. The supporting former spouses, having reached fair and just settlements of such matters and gone on to achieve success, at times with the help and encouragement of a new spouse and family, will never know with any certainty which fruits of their labor they may call their own. I do not find this result desirable and, for reasons previously set forth in this dissent, I would hold that such is not required by law.

I respectfully dissent from the opinion of the majority and would affirm the order of the district court dismissing the plaintiff's motion in the cause.