MAX R. JOYNER v. V. W. THOMAS AND WIFE, LULA C. THOMAS AND H. E. LOWRY AND WIFE, MARION T. LOWRY

No. 783DC351

(Filed 20 February 1979)

**Rules of Civil Procedure § 41 — trial without jury — involuntary dismissal — findings required**

    Where the court was sitting without a jury, defendants should have moved for an involuntary dismissal under G.S. 1A-1, Rule 41(b) rather than a directed verdict at the close of plaintiff's evidence; however, such a motion may be treated on appeal as having been made under Rule 41, and the trial court is required to make findings of fact and state his conclusions of law separately.

APPEAL by plaintiff from *Wheeler, Judge.* Judgment entered 17 November 1977 in District Court, PITT County. Heard in the Court of Appeals 30 January 1979.

An option on a tract of land given by defendants to plaintiff and one Collice C. Moore stated that the purchase price of $192,500 was to be paid in $86,500 cash, and the assumption of a note and deed of trust outstanding in the amount of $106,000, "the balance due . . . at the date of sale . . . warranted not to exceed [$106,000]."

Plaintiff alleges that the actual amount due on the note it assumed when the option was exercised was $107,750 and sues to recover the $1,750 difference. A directed verdict was granted for defendants and plaintiff appeals.

*James, Hite, Cavendish & Blount, by James M. Roberts and E. Cordell Avery, for plaintiff appellant.*

*No counsel for defendant appellees.*

ARNOLD, Judge.

The court, sitting without a jury, granted defendants' motion for directed verdict at the close of plaintiff's evidence. As plaintiff points out, the correct motion would have been for an involuntary dismissal under G.S. 1A-1, Rule 41(b), since the action was being tried without a jury. Compare G.S. 1A-1, Rule 50, Comment. However, such a motion, though improperly designated, may be treated on appeal as having been made under Rule 41. *Higgins v. Builders & Finance, Inc.,* 20 N.C. App. 1, 200 S.E. 2d 397 (1973), *cert. den.* 284 N.C. 616, 201 S.E. 2d 689 (1974). Treating this motion as made under Rule 41, we find that it was necessary for the trial court to comply with that Rule and make findings as provided in G.S. 1A-1, Rule 52(a)(1): "the court shall find the facts specially and state separately its conclusions of law thereon."

A motion for involuntary dismissal under Rule 41(b) has replaced the motion for nonsuit in civil actions tried without a jury. *Whitaker v. Earnhardt,* 289 N.C. 260, 221 S.E. 2d 316 (1976). However, the questions presented by the two motions are not the same. The motion for nonsuit asked the court to determine whether the plaintiff's evidence, taken as true, would support a judgment for plaintiff. *Helms v. Rea,* 282 N.C. 610, 194 S.E. 2d 1

(1973). The motion to dismiss, on the other hand "permits the trial judge to weigh the evidence, find facts against plaintiff and sustain defendant's motion at the conclusion of plaintiff's evidence even though plaintiff may have made out a prima facie case which would have repelled the motion for nonsuit." *Whitaker v. Earnhardt, supra* at 264, 221 S.E. 2d at 319. Because of this distinction, the language of the rule may be somewhat misleading in stating that defendant may move for dismissal "on the ground that upon the facts and the law the plaintiff has shown no right to relief." Our Rule 41(b) is identical to the federal rule. F.R.C.P. Rule 41(b). The present federal rule evolved from an original form which made no distinction between motions to dismiss in jury and nonjury cases, through an intermediate form which added the provision that when the motion was granted in a nonjury case the court might then determine the facts, to the present form which restricts the motion to dismiss to nonjury cases. 9 Wright & Miller, Federal Practice & Procedure § 2371. By allowing the court to determine the facts after granting the motion, the drafters of the rule established a distinction between a motion to dismiss and a directed verdict, *id.*, and "[g]rant of the defendant's motion [at the close of plaintiff's evidence] is a decision on the merits in favor of defendant." *Id.* at 224. This concept, though criticized, see Steffen, The Prima Facie Case in Non-Jury Trials, 27 U. Chi. L.Rev. 94 (1959), has been adopted by most state courts, including ours.

It has been said repeatedly that it is the better practice for the trial court to take the alternative presented by the Rule and "decline to render any judgment until the close of all the evidence." *See, e.g. Whitaker v. Earnhardt, supra; Helms v. Rea, supra.* Where the trial court does not do so, but instead chooses to grant defendant's motion at the close of plaintiff's evidence, he must then find the facts and state his conclusions of law separately as required by the Rule. Since the court here failed to make these necessary findings we must vacate and remand for a new trial. *Carteret Co. General Hospital Corp. v. Manning,* 18 N.C. App. 298, 196 S.E. 2d 538 (1973).

Since a new trial is awarded it is unnecessary for us to address the errors assigned to the court's rulings on evidentiary questions.

New trial.

Judges PARKER and WEBB concur.