EULA S. BOWES v. MELLIE LEWIS BOWES

No. 7917DC140

(Filed 6 November 1979)

**1. Judgments § 13.2— default judgment—proper notice given defendant**

   The trial court did not err in entering a judgment by default against defendant in session upon a motion by plaintiff for judgment following defendant's failure to respond to a request for admissions or to answer interrogatories duly served upon him, since defendant had adequate notice that the motion would be heard and ample time to respond, but failed to do so, and plaintiff was not required to obtain prior entry of default before the clerk.

**2. Divorce and Alimony § 19.6—failure of husband to maintain medical insurance—requirement that husband pay medical expenses proper**

   The trial court did not err in ordering defendant to pay $2500 to plaintiff for reimbursement of medical expenses incurred by plaintiff since defendant was obligated under a prior consent order to provide health insurance coverage for plaintiff, which he had failed to do; plaintiff had incurred necessary medical expenses of $3500, $2500 of which would have been paid by insurance had the ordered coverage been in effect; and defendant was reasonably able to pay for the insurance.

**3. Divorce and Alimony § 19.4— alimony increased—changed circumstances—sufficiency of evidence**

   The trial court did not err in ordering defendant to increase his alimony payments to plaintiff from $30 to $50 a week, since a spouse may obtain a modification of an order for permanent alimony upon a showing of changed circumstances, even though the order was by consent; the condition, estate and earning capacity of defendant had substantially increased since the time of entry of the consent order while plaintiff's had substantially declined; and defendant was reasonably able to pay and plaintiff was in reasonable need of alimony at the rate of $50 per week.

**4. Divorce and Alimony § 18.16— award of attorney's fees—findings required**

   The trial court in an alimony action erred in awarding attorney's fees without making appropriate findings on the issue of a reasonable attorney's fee.

APPEAL by defendant from *McHugh, Judge.* Order entered 30 October 1978 in District Court, ROCKINGHAM County. Heard in the Court of Appeals 21 September 1979.

On 28 February 1971 plaintiff filed a complaint against defendant, her husband, seeking a divorce from bed and board with permanent alimony, alimony *pendente lite,* custody and support of their minor child and attorney's fees. Defendant filed an answer

denying most of the material allegations in the complaint, including abandonment, but admitting that plaintiff was a fit and proper person to have custody. In the pretrial order, the parties agreed that the issue of abandonment would be tried by a jury prior to the consideration of alimony and child support.

The jury determined that the defendant had abandoned the plaintiff. Judgment was entered on 30 August 1972 awarding plaintiff a divorce from bed and board and retaining the matters of child custody, child support, permanent alimony and attorney's fees for determination upon further hearing. The plaintiff and defendant, on 9 September 1975, entered into a consent order under which defendant agreed to pay $30 per week alimony to the plaintiff, and to " . . . continue to provide medical and hospital insurance coverage for the plaintiff under the Blue Cross-Blue Shield hospital and medical insurance policy heretofore in effect."

On 10 May 1978 plaintiff filed and served on defendant a motion requesting that the defendant be ordered to increase the amount of alimony payments and to provide for the plaintiff medical and hospital insurance coverage pursuant to the terms of the consent order and to pay $2,500 in hospital expenses incurred by the plaintiff as a result of the discontinuation of the insurance coverge. Plaintiff, on 15 June 1978, filed a motion requesting the court to order the defendant to answer interrogatories. Approximately a month later the court ordered the defendant to file answers to the interrogatories within thirty days.

On 5 September 1978 a request for admissions was served on the defendant by the plaintiff pursuant to G.S. 1A-1, Rule 36. The admissions requested concerned defendant's employment, salary, residence, improvement in earning capacity and standard of living since 9 September 1975, and plaintiff's decline in earning capacity and standard of living during the same time period.

Plaintiff, on 5 October 1978, filed a motion pursuant to Rule 37(b)(2) for a default judgment against the defendant alleging that the time had expired for defendant to answer and deny plaintiff's request for admissions and therefore the statements in the request should be deemed admitted. Plaintiff served notice on defendant by mail on 5 October 1978 that she was requesting that a hearing on the motion be set for 16 October 1978. The notice in-

dicated that plaintiff would seek "Relief in accordance with the attached Motion." A notice was served on the defendant by mail on 16 October 1978 which stated that the hearing on plaintiff's Rule 37 motion had been continued until 30 October 1978, at defendant's request.

Defendant's counsel, O'Connor, Speckhard & Speckhard, upon request, was permitted to withdraw as counsel during the litigation below and did not represent defendant at the 30 October 1978 hearing. The court, on 30 October 1978, entered an order and among its findings of facts found: that defendant had failed to answer the interrogatories within the time allowed by the court order and had failed to offer reasonable justification for this failure; that defendant had also failed to answer or object to the request for admissions within the time provided by law; that plaintiff did not have sufficient means to subsist; and that defendant was reasonably able to pay plaintiff $750 in attorney's fees which the court determined was a "reasonable attorney [sic] fee under the circumstances of this case." The order awarded plaintiff a judgment by default and ordered the defendant to pay the plaintiff $2,500 for medical expenses in lieu of the health insurance that defendant was originally ordered to provide but for which he had made no provision, to increase his alimony payments from $30 to $50 per week and to pay $750 to plaintiff for her counsel fees. Defendant appeals from the entry of this order.

*Gwyn, Gwyn & Morgan, by Julius J. Gwyn, for plaintiff appellee.*

*O'Connor, Speckhard & Speckhard, by Donald K. Speckhard, for the defendant appellant.*

WELLS, Judge.

Defendant presents four assignments of error. We shall deal with them in the order presented.

[1] Defendant assigns as error the trial court's action entering a judgment by default against the defendant. The default judgment was entered by the trial judge, in session, upon a motion by plaintiff for judgment following defendant's failure to respond to a request for admissions or to answer interrogatories duly served

upon him. Defendant was duly served with notice that plaintiff was seeking judgment against him and that the motion was scheduled for hearing on 16 October 1978. The matter was not heard on 16 October 1978 and defendant was duly served with notice that it would be heard on 30 October 1978. The defendant had adequate notice and ample time to respond. He did not. Under such circumstances, plaintiff was not required to obtain prior entry of default before the Clerk. There was no procedural error in the entry of default by the trial judge. *Whitaker v. Whitaker*, 16 N.C. App. 432, 192 S.E. 2d 80 (1972).

[2] The defendant also maintains that the trial court erred in ordering the defendant to pay the sum of $2,500 to plaintiff for reimbursement of medical expenses incurred by plaintiff. The trial judge found as facts: that defendant was obligated under a prior consent order to provide health insurance coverage for plaintiff, which he had failed to do; that plaintiff had incurred necessary medical expenses of $3,500, $2,500 of which would have been paid by insurance had the ordered coverage been in effect; and that defendant was reasonably able to pay for the insurance. During the marriage defendant, as husband, was under the common law duty to support his wife, and such support included the payment of her necessary medical expenses. *Bowen v. Daugherty*, 168 N.C. 242, 84 S.E. 265 (1915). The portion of the order of 19 September 1975 requiring defendant to maintain hospital insurance for plaintiff was in effect an award of alimony—a continuation of support. *See, Mitchell v. Mitchell*, 270 N.C. 253, 154 S.E. 2d 71 (1967); *Martin v. Martin*, 26 N.C. App. 506, 216 S.E. 2d 456 (1975). The trial court's order under review here was no more than an enforcement of that award.

[3] Defendant additionally contends that the trial court erred in ordering the defendant to increase his alimony payments to plaintiff from $30 to $50. An order for alimony may be modified at any time upon a motion in the cause and a showing of changed circumstances by either party. G.S. 50-16.9. Under the statute a spouse may obtain a modification of the order for permanent alimony upon a showing of changed circumstances, even though the order was by consent. *Seaborn v. Seaborn*, 32 N.C. App. 556, 233 S.E. 2d 67 (1977). The trial judge found that the condition, estate, and earning capacity of the defendant had substantially increased since the time of the entry of the consent order of 9 Sep-

tember 1975, that defendant's accustomed standard of living was substantially better than that which he enjoyed at the time of said consent order; that plaintiff's estate, earning capacity, condition and accustomed standard of living had steadily declined since the time of said consent order; and that defendant was reasonably able to pay and plaintiff was in reasonable need of alimony at the rate of $50 per week. The record supports these findings of fact.

Plaintiff served on defendant a request for admissions on 5 September 1978, in which the necessary elements of a change in circumstances were set forth. At the time of the hearing of 30 October 1978, the request remained unanswered by defendant and thus was admitted. G.S. 1A-1, Rule 36(a). The amount of alimony awarded by the trial court will be disturbed only upon a showing of abuse of discretion. *Teague v. Teague*, 272 N.C. 134, 157 S.E. 2d 649 (1967); *Upchurch v. Upchurch*, 34 N.C. App. 658, 239 S.E. 2d 701 (1977), *disc. rev. denied*, 294 N.C. 363, 242 S.E. 2d 634 (1978); *Gibson v. Gibson*, 24 N.C. App. 520, 211 S.E. 2d 522 (1975). Based on the record before us, we cannot say that the trial judge abused his discretion.

[4] Defendant's fourth assignment of error concerns the award of $750 in counsel fees to plaintiff. This court has held in numerous cases that the award of counsel fees in an alimony action must be supported by sufficient findings of fact. *Upchurch v. Upchurch, supra; Austin v. Austin*, 12 N.C. App. 286, 183 S.E. 2d 420 (1971). The findings in the case before us do not meet the test. The trial judge made no findings of fact, simply concluding that $750 was a "reasonable attorney [*sic*] fee under the circumstances of this case." This matter must, therefore, be remanded for appropriate findings on the issue of a reasonable attorney's fee.

As to defendant's first, second and third assignments of error, we find no error; as to defendant's fourth assignment, reversed and remanded.

Affirmed in part, reversed and remanded in part.

Judges ARNOLD and WEBB concur.