MEMORIAL HOSPITAL OF ALAMANCE COUNTY, INC. v. JIMMIE L. BROWN AND VIRGINIA R. BROWN

No. 8015DC605

(Filed 3 February 1981)

1. **Rules of Civil Procedure § § 41, 52— dismissal of action — necessity for findings**

    The trial court erred in granting defendant husband's motion for an involuntary dismissal under Rule 41(b) where the judgment contained no findings of fact but only conclusions of law; moreover, it would have been better for the trial court to delay ruling on defendant's Rule 41(b) motion until the close of all the evidence rather than at the close of plaintiff's evidence.

2. **Evidence § 48— opinion evidence as to reasonableness of hospital charges — exclusion error**

    In an action to recover the value of general hospital services rendered by plaintiff to defendant wife, the trial court erred in refusing to allow plaintiff's credit manager to give his opinion as to whether plaintiff's charges for defendant wife's care and treatment were reasonable, since the witness testified that he served as credit manager for plaintiff for four years, was familiar with plaintiff's schedule of charges, was familiar with schedules of charges for hospital services approved by Blue Cross-Blue Shield and the federal government, and was familiar with the procedures used by plaintiff in determining the amount owed by patients, and the witness thus showed that he had, through experience, acquired such skill that he was better qualified than the jury to form an opinion on the particular subject of his testimony.

**3. Husband and Wife § 1— contract for hospital services — necessity of hospitalization**

In an action to recover the value of general hospital services rendered by plaintiff to defendant wife, the trial court's conclusion that plaintiff had failed to show that defendant's hospitalization was necessary was erroneous, since the only medical witness testified that her hospitalization was necessary, and plaintiff alleged in its complaint that the services provided by it to defendant were necessary for her health and well being, and defendant admitted these allegations, thus foreclosing any issue of fact as to the necessary aspect of the services provided her.

**4. Husband and Wife § 1— husband's duty to support wife**

A husband is liable for the cost of his wife's necessary medical care.

APPEAL by plaintiff from *Cooper, Judge.* Judgment entered 20 March 1980 in District Court, ALAMANCE County. Heard in the Court of Appeals 13 January 1981.

Plaintiff, a private non-profit hospital, brought this action against defendants, Jimmie L. Brown and Virginia R. Brown, seeking recovery of the value of general hospital services rendered to Virginia R. Brown between 5 August and 24 August 1979. Plaintiff alleged in its complaint that Virginia Brown specially requested the services rendered, that such services were necessary for Virginia Brown's health and well-being, that Virginia Brown executed a written contract whereby she agreed to pay plaintiff for all charges incurred as a result of her admission and treatment by plaintiff, and that the value of the services provided by plaintiff to Virginia Brown was $2,752.45. Plaintiff also alleged that on the day of Virginia Brown's admission to the hospital, the defendants were living together as husband and wife. Plaintiff sought to establish defendants' joint and several liability.

In her answer, defendant Virginia Brown admitted all of plaintiff's allegations except that she had specially requested the plaintiff's services. As a further defense, defendant Jimmie Brown alleged that the defendants separated on 2 August 1979 and have not lived together as husband and wife since that date. Defendant Jimmie Brown also alleged that defendant Virginia Brown entered plaintiff hospital without his permission or consent, that plaintiff delivered its services and extended credit to defendant Virginia Brown alone, and that Jimmie Brown was without knowledge sufficient to form a belief as to the actual services provided to Virginia Brown or the value of those services.

At trial plaintiff produced the testimony of plaintiff's credit

manager, Charles Cockman, and defendant Virginia Brown's physician, Dr. John Blake, as well as a number of exhibits including Virginia Brown's medical records, her signed request for admission and authorization for treatment, and her final itemized hospital bill indicating total charges for services between 5 August and 24 August 1979. Mr. Cockman testified that he was responsible for ascertaining the correctness of the charges at the time of final billing, that Virginia Brown's final bill was correct, and that Virginia Brown was charged at the standard rate. Dr. Blake testified as to the treatment and services provided to Virginia Brown while she was hospitalized and that in his expert opinion such services and treatment were necessary for her health. Dr. Blake identified the various services provided to Virginia Brown and testified that the charges for such services, other than surgery, were reasonable.

At the close of plaintiff's evidence, the trial judge, sitting without a jury, granted defendant Jimmie Brown's motion for an involuntary dismissal under Rule 41(b). From this judgment, plaintiff appeals.

*Ernest J. Harviel for plaintiff appellant.*

*Wiley P. Wooten for defendant Jimmie L. Brown.*

*North State Legal Services, Inc., by Alexa H. Jordan, for defendant Virginia R. Brown.*

WELLS, Judge.

At the close of plaintiff's evidence, the trial judge entered the following judgment quoted in its entirety:

> This cause coming on to be heard before the undersigned Judge without a jury upon Motion by Defendant at the close of plaintiff's evidence, pursuant to Rule 41 of the Rules of Civil Procedure, for failure to show a right to relief; and the Court, having heard the evidence, finds as a fact that the plaintiff's evidence fails to establish the reasonableness and necessity of a sum certain for medical expenses incurred by the defendant, Virginia R. Brown, and the plaintiff's evidence further fails to establish the reasonableness and necessity of identifiable medical services incurred by the defendant, Virginia R. Brown.

Hospital v. Brown

WHEREFORE, based upon the foregoing findings of fact, the Court concludes as a matter of law that the Motion of Defendant, Jimmie L. Brown, should be allowed.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Judgment of Dismissal be entered against the plaintiff and that it be taxed with the cost of this action.

G.S. 1A-1, Rule 41(b) provides in pertinent part as follows:

After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant . . . may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a).

G.S. 1A-1, Rule 52(a) provides in pertinent part as follows:

(a) *Findings.--*
   (1) In all actions tried upon the facts without a jury
     . . . , the court shall find the facts specially and
     state separately its conclusions of law thereon . . .

[1]  The background, rationale, requirements, and proper application of these rules of Civil Procedure have been clearly and succinctly set out by this Court in *Joyner v. Thomas*, 40 N.C. App. 63, 251 S.E. 2d 906 (1979). The judgment of the trial court in the case *sub judice* contains no findings of fact, only conclusions of law. The trial court having failed to make the necessary findings, we must vacate and remand for a new trial. We note for emphasis the instructions of this Court in *Joyner*, as to the appropriate time for ruling on a Rule 41(b) motion to dismiss: "It has been said repeatedly that it is the better practice for the trial court to take the alternative presented by the Rule and 'decline to render any judgment until the close of all the evidence.' " *Joyner v. Thomas, supra,*

at 65, 251 S.E. 2d at 908.

**[2]**   There were other errors in the trial. Plaintiff offered the testimony of its credit manager, Charles Cockman, who identified a copy of Virginia Brown's hospital bill. Cockman testified that he served as credit manager for plaintiff for four years, was familiar with plaintiff's schedule of charges, was familiar with schedules of charges for hospital services approved by Blue Cross-Blue Shield and the Federal government, and was familiar with the procedures used by plaintiff in determining the amount owed by patients. Upon objection by Jimmie Brown, the trial court refused to allow Cockman to give his opinion as to whether plaintiff's charges for Virginia Brown's care and treatment were reasonable. Opinion testimony is competent if there is evidence to show that through experience the witness has acquired such skill that he is better qualified than the jury to form an opinion on the particular subject of his testimony. The criterion is this: On this subject can a jury receive appreciable help from this witness? The test is a relative one, depending on the particular witness with reference to that subject, and is not limited to any class of persons acting professionally. *Maloney v. Hospital Systems*, 45 N.C. App. 172, 262 S.E. 2d 680 (1980). We hold that this witness was competent to give his opinion as to the reasonableness of the charges made by plaintiff for the treatment and care of Virginia Brown and that it was error for the trial court to exclude this testimony.

A similar error occurred when the trial court refused to allow Dr. John Blake, Virginia Brown's personal physician and a psychiatrist, to give his opinion testimony as to the reasonableness of the surgical charge portion of Virginia Brown's bill. Dr. Blake's qualifications and experience clearly qualified him to give such opinion testimony. *Maloney v. Hospital Systems, supra.*

**[3]**   The trial court's conclusion that plaintiff had failed to show that Virginia Brown's hospitalization was necessary was erroneous. The only medical witness was Dr. Blake, who testified that her hospitalization was necessary. Additionally, we note that in its complaint, plaintiff alleged that the services provided by it to Virginia Brown were necessary for her health and well-being. In her answer, Virginia Brown admitted these allegations, thus foreclosing any issue of fact as to the necessary aspect of the services provided her. *See Fagan v. Hazzard*, 29 N.C. App. 618, 225 S.E. 2d 640 (1976); *Ragsdale v. Kennedy*, 22 N.C. App. 509, 207 S.E. 2d 301

(1974), *reversed on other grounds*, 286 N.C. 130, 209 S.E. 2d 494 (1974).

[4]    Although the question was not directly treated in the order of the trial court, we note for clarity that defendant Jimmie Brown, as Virginia Brown's husband, would be liable for the cost of her necessary medical care. *Bowes v. Bowes*, 43 N.C. App. 586, 589, 259 S.E. 2d 389, 392 (1979), *disc. rev. denied*, 299 N.C. 120, 262 S.E. 2d 5 (1980); 2 Lee, N.C. Family Law, § 132, at 129 (1980).

For the reasons stated herein, there must be a

New trial.

Judges ARNOLD and HILL concur.