IN THE MATTER OF THE RIGHT TO PRACTICE LAW OF: HAROLD ROBINSON, ESQ.

No. 7725SC732

(Filed 29 August 1978)

1. **Attorneys at Law § 10— disciplining attorneys—inherent power of superior court**

   A superior court, as part of its inherent power to manage its affairs, to see that justice is done, and to see that the administration of justice is accomplished as expeditiously as possible, has the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it. Sanctions available include citations for contempt, censure, informing the North Carolina State Bar of the misconduct, imposition of costs, suspension for a limited time of the right to practice law in this State, and disbarment.

2. **Attorneys at Law § 11— attorney's failure to perfect appeals—jurisdiction to discipline attorney**

   The Superior Court of Burke County was not without jurisdiction to discipline an attorney for failure to perfect appeals in four criminal cases

---

**In re Robinson**

---

because notices of appeal had been given in the four cases since (1) the mere giving of notices of appeal did not carry to the appellate division any question concerning the conduct of counsel; (2) our courts have inherent authority to discipline attorneys practicing therein even in relation to matters not pending in the particular court exercising that authority; and (3) the records in the four cases were on file in the Superior Court of Burke County, respondent attorney was a resident of Burke County, and that court was the most convenient and appropriate forum for an inquiry into the attorney's conduct.

3. **Attorneys at Law § 11— disciplinary proceeding—no necessity for written notice**

A superior court judge was not without authority to make inquiry into an attorney's conduct because no written complaint had been filed where the judge was making inquiry into conduct disclosed by the records of his court.

4. **Attorneys at Law § 11— disciplinary proceeding—presentation of evidence by district attorney**

It was not improper for a superior court judge to request the district attorney to present evidence against an attorney in a disciplinary proceeding.

5. **Attorneys at Law § 11— disciplinary proceeding—criminal session of court**

Although disciplinary proceedings against an attorney are civil in nature, disciplinary action was properly taken against an attorney during a session of court for the trial of criminal cases instead of a session for the trial of civil matters since the judge was exercising an inherent power of the court which was not dependent upon the type of session of court over which he was then presiding.

6. **Attorneys at Law § 11— disciplinary proceeding—notice of charges—appearance of bias by issuing judge—failure of judge to disqualify himself—determination of discipline by Court of Appeals**

Where the notice of charges issued by a superior court judge in a disciplinary proceeding against an attorney stated that respondent, in each of four criminal cases in which he was appointed to represent the defendant on appeal, "negligently and willfully failed to perfect the appeal or to seek appellate review through other permissible means" in violation of DR 1-102(1), (5) and DR 6-101(3) of the Code of Professional Responsibility, it appears on the face of the notice of charges that the judge may have prejudged respondent's conduct before hearing any evidence; therefore, the judge should have disqualified himself and referred the inquiry to another judge, and his order suspending respondent from the practice of law must be vacated. However, the Court of Appeals, in the exercise of its inherent power to discipline attorneys, will rehear this matter and will determine what discipline, if any, should be imposed on respondent for his conduct as disclosed by the record.

APPEAL by respondent from *Snepp, Judge.* Judgment entered 20 June 1977 in Superior Court, BURKE County. Heard in the Court of Appeals 1 June 1978.

Respondent is licensed to practice law in North Carolina and in all the Courts of this State. He graduated from Wake Forest Law School in 1965 and passed the North Carolina Bar Examination in 1965. He thereafter practiced law in Mooresville, N. C. for approximately three months, after which he served two years as a legal clerk in the office of the Judge Advocate General, Seventh Division of the Eighth Army. After release from active military duty in December 1967 respondent served for one year as a prosecutor in the Domestic Relations Court in Greensboro, N. C. About February 1969 respondent moved to Jacksonville, N. C. where he engaged in the general practice of law until January 1975. In June 1975 respondent moved to Morganton, Burke County, where he set up practice as a sole practitioner and has engaged in the practice of law since that time. During his ten or more years in the practice of law in North Carolina, respondent has never perfected an appeal to either court of the appellate division of this State.

In Burke County Case No. 74CR9136, *State v. Harvey Berry*, the defendant was found guilty of involuntary manslaughter on November 20, 1975 and sentenced to a term of 7-10 years in the State's prison. He gave notice of appeal. On March 2, 1976 the defendant's trial attorney petitioned the court to be permitted to withdraw as counsel and the court appointed respondent, Harold Robinson, as defendant's attorney to perfect the appeal. From March 2, 1976 to February 1977 no action was taken to obtain an order for transcript of trial and no action was taken to perfect the appeal. On February 21, 1977 the district attorney filed a motion to dismiss the appeal. On March 14, 1977 respondent filed a petition for writ of certiorari in the Court of Appeals and the writ was issued by the Court of Appeals April 7, 1977. On April 18, 1977 Judge Lewis ordered a transcript of the trial to be prepared at State expense. On May 11, 1977 the court relieved respondent of further duties in the case and appointed other counsel to perfect the appeal.

In Burke County Case No. 76CR3480, *State v. Loys Randall Ray,* the respondent was appointed on April 20, 1976 to represent the defendant on an armed robbery charge. On September 16, 1976 the defendant was found guilty of common law robbery and sentenced to 10 years in prison. He gave notice of appeal and the court appointed respondent to perfect the appeal. An order for

the preparation of the transcript was entered September 30, 1976 and on November 17, 1976 respondent moved for and secured an order extending the time for serving the record on appeal for an additional 40 days. No further action was taken and on March 29, 1977 the district attorney filed a motion to dismiss. On May 2, 1977 an order for the arrest of the defendant was issued. On May 11, 1977 the court relieved respondent from any further duties in the case and appointed other counsel to pursue appellate review.

In Burke County Case No. 76CR6955, *State v. William Blane Hensley*, respondent was appointed to represent the defendant who was charged with rape. On November 10, 1976 the defendant was found guilty of first degree rape and sentenced to life imprisonment. He gave notice of appeal and respondent was appointed as his attorney to perfect the appeal. A transcript of the trial was prepared by the court reporter and delivered to respondent some time in January 1977. No further action was taken to perfect the appeal and on March 29, 1977 the district attorney filed a motion to dismiss. On May 11, 1977 the court relieved respondent of any further duties in the case and appointed other counsel to pursue appellate review.

In Burke County Case No. 76CR7000, *State v. Rex Carswell*, the defendant was charged with felonious breaking or entering and felonious larceny. He was represented by privately employed counsel who, with the permission of the court, withdrew prior to trial. On September 14, 1976 respondent was appointed to represent the defendant. On November 16, 1976 the defendant was found guilty as charged as to both counts and sentenced to 10 years imprisonment. He gave notice of appeal, and on the same day respondent was appointed counsel to perfect the appeal. A transcript of the trial was delivered to respondent on January 3, 1977. No further action was taken to perfect the appeal and on May 11, 1977 the court relieved respondent of any further duties in the case and appointed other counsel to pursue appellate review.

The failure of respondent to perfect the appeals in the above four cases was brought to the attention of Judge Snepp who, on 11 May 1977, entered the four orders discharging respondent as counsel and appointing other counsel in the above four cases.

On 13 May 1977 Judge Snepp issued a notice to respondent to appear in Superior Court at 9:30 a.m., 9 June 1977, to show cause why he should not be suspended from the practice of law or why his license to practice law should not be revoked. In the notice respondent was notified that the inquiry was concerning the above four cases. On 9 June 1977 respondent appeared as directed, respresented by counsel. The district attorney appeared and offered the record of the four cases and the testimony of the court reporter concerning when the transcripts were requested and when delivered.

The respondent offered evidence that he was an attorney of good character and reputation; that he requested that his name be put on the list of attorneys to be appointed to represent indigent defendants; that he pursued his trial duties diligently; that during part of the time involved in the four cases his wife, who was his legal secretary, was away from the office bearing and caring for their only child; that he did not have a copy of the Rules of Appellate Procedure; that he had never perfected an appeal to the appellate division, and did not know how.

By Order dated 20 June 1977 Judge Snepp found facts generally along the lines of the foregoing and adjudged and decreed that respondent be "suspended from the practice of law in the State of North Carolina for a period of one year from and after July 5, 1977, or, if the matter be appealed, from and after the date of the certification to the Clerk of Superior Court of Burke County of a final order of the Appellate Division affirming this judgment."

Respondent appealed.

*Attorney General Edmisten, by Associate Attorney J. Chris Prather, for the State.*

*Smith, Moore, Smith, Schell & Hunter, by James A. Medford, for respondent.*

BROCK, Chief Judge.

In No. 74CR9136, *State v. Berry,* the respondent's client faced a prison sentence of seven to ten years, yet the record indicates that respondent took no action to perfect an appeal from 2 March 1976 until after the district attorney moved to dismiss the appeal on 21 February 1977. During that time respondent did not even seek an order for the trial transcript.

In No. 76CR3480, *State v. Ray,* the respondent's client faced a prison sentence of ten years, yet the record indicates that respondent failed to take any action beyond seeking one extension of time to serve the record on appeal.

In No. 76CR6955, *State v. Hensley,* the respondent's client faced life imprisonment, yet the record indicates that respondent took no action to perfect the appeal even though the trial transcript was in his possession.

In No. 76CR7000, *State v. Carswell,* the respondent's client faced a prison sentence of ten years, yet the record indicates that respondent took no action to perfect the appeal even though the trial transcript was in his possession.

In one of the four cases the record indicates that respondent took no action for more than a year, and it cannot be surmised how much longer respondent may have delayed in all four cases had Judge Snepp not taken action to appoint other counsel to perfect the appeals.

[1]  There is no question that a Superior Court, as part of its inherent power to manage its affairs, to see that justice is done, and to see that the administration of justice is accomplished as expeditiously as possible, has the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it. Sanctions available include citations for contempt, censure, informing the North Carolina State Bar of the misconduct, imposition of costs, suspension for a limited time of the right to practice before the court, suspension for a limited time of the right to practice law in the State, and disbarment. *See In re Burton,* 257 N.C. 534, 126 S.E. 2d 581 (1962); *In re Hunoval,* 294 N.C. 740, 247 S.E. 2d 230 (1977); *In re Bonding Co.,* 16 N.C. App. 272, 192 S.E. 2d 33, *cert. denied* 282 N.C. 426 (1972); *Colon v. U.S. Attorney for the District of Puerto Rico,* CA 1, 5/17/78, 46 U.S.L.W. 2653; Annot. 96 A.L.R. 2d 823.

Respondent's argument that only the North Carolina State Bar has the authority to discipline an attorney who is licensed to practice in North Carolina was clearly rejected by this Court in *In re Bonding Co., supra,* and is clearly without merit.

[2] Likewise, respondent's argument that the Superior Court, Burke County was without jurisdiction to discipline him because notice of appeal had been given in the four cases in question is without merit. In the first place the mere giving of notices of appeal from the convictions in the four cases did not carry to the appellate division any question concerning the conduct of counsel, although it is true that either Court of the Appellate Division could have exercised its inherent power to deal with respondent had his defaults been brought to its attention. *See In re Hunoval, supra.* In the second place, it is incontrovertible that our courts have inherent authority to take disciplinary action against attorneys practicing therein, even in relation to matters not pending in the particular court exercising that authority. *In re Burton, supra; In re Bonding Co., supra.* In the third place, the records of the four cases were on file in Superior Court, Burke County and respondent was a resident of Burke County; therefore, that court was the most convenient and appropriate forum for the inquiry into respondent's conduct.

Respondent attacks the conduct of Judge Snepp in issuing the notice to respondent after having talked privately with the wife of one of the four defendants. It is perfectly understandable that one of the four defendants and his wife were concerned that no action had been taken to perfect his appeal. It is understandable that she would make inquiry of the highest judicial officer present in the county. It is appropriate that Judge Snepp would become concerned and investigate the records of his court. The other three cases must have been called to Judge Snepp's attention by someone, possibly someone in the Clerk's office, when Judge Snepp called for the records in the case in which the defendant's wife made inquiry. In any event, they came to Judge Snepp's attention in some manner and it was his duty to initiate an inquiry into all four cases.

[3] Respondent's argument that Judge Snepp had no authority to act unless a written complaint had been filed is without merit. Respondent relies upon *In re Burton, supra,* and *In re Bonding Co., supra,* for this argument. In those two cases the judge was acting upon matters not disclosed by the records of the court. Here Judge Snepp was making inquiry into conduct disclosed by the records of his court.

**[4]** Likewise, respondent's argument that it was improper for Judge Snepp to request the district attorney to present the evidence against respondent is without merit. Judge Snepp had the authority to designate the district attorney or any other licensed attorney to perform this function.

**[5]** Respondent's argument that this action was taken during a session of court for the trial of criminal cases instead of a session for the trial of civil matters is without merit. Although disciplinary proceedings against an attorney are civil in nature, in this case the judge was exercising an inherent power of the court which is not dependent upon the type of session of court over which he was then presiding.

Respondent argues that Judge Snepp displayed animosity towards him during the hearing. The record before us does not support this argument. Judge Snepp fully permitted respondent to offer all motions, arguments, and evidence that respondent tendered.

**[6]** We come now to a serious problem raised by respondent's appeal in this matter. That is the appearance of bias and prejudice in the specification of charges issued by Judge Snepp. Respondent argues, and we agree, that upon the face of the charges it appears that Judge Snepp prejudged respondent's conduct before hearing any evidence. We do not believe that Judge Snepp had in fact prejudged respondent's conduct. We think the wording of the specifications was an effort by Judge Snepp to fully advise respondent of the seriousness of the inquiry. Nevertheless it was an unfortunate and inappropriate choice of words and we cannot permit this record to stand. Specification No. 1, which will serve to demonstrate the language of the other three, reads as follows:

On 2 March 1976 you were appointed by the Superior Court to represent the defendant in *State v. Harvey Berry*, 74CR9136, in connection with his appeal from a conviction of involuntary manslaughter. *You have negligently and willfully failed to perfect the appeal or to seek appellate review through other permissible means in violation of Disciplinary Rule 1-102(1) (5) and Disciplinary Rule 6-101(3) as set forth in the Code of Professional Responsibility.*

In re Robinson

It would have appeared without bias and prejudice for Judge Snepp to have used wording substantially as follows in the place of those emphasized above:

> The records of this Court indicate that no action has been taken to perfect the appeal or otherwise seek appellate review. This inquiry is to hear evidence bearing upon why no action has been taken and to determine whether discipline should be imposed upon you by this Court.

We think Judge Snepp's unfortunate and inappropriate choice of words came from the idea of necessity for specific allegations in a third party complaint, rather than from bias or prejudice. Nevertheless, we must render our opinion from the record before us.

Having drafted his notice in the form of specific allegations of misconduct it was incumbent upon Judge Snepp to disqualify himself, as he was requested by respondent, and to refer the inquiry to another judge. To perform their high function in the best way our courts must not only do justice but they should give the appearance of doing justice. In our opinion Judge Snepp was in error when he refused to disqualify himself and his order must be vacated.

However, the vacating of Judge Snepp's order does not require dismissal of this proceeding nor does it require a remand for a new hearing. A new hearing would serve no useful purpose. The facts are not materially in dispute and respondent has been accorded full opportunity to present his evidence. We are here concerned with the inherent power of the court to discipline errant attorneys. The facts are before us as much so as if we had instituted this inquiry and had referred it to the Superior Court for hearing. Therefore, we will exercise our inherent power in this matter before us. The questions of mitigating circumstances and appropriate sanctions have been fully and zealously presented and argued in respondent's brief.

We therefore by this opinion notify respondent that we have before us the record as prepared and filed with us by respondent; that as soon as briefs have been filed, should respondent elect to do so, this matter will be further heard in this court on the record and briefs; that this court will consider what discipline, if any,

should be imposed upon respondent for his conduct as disclosed by the record before us; that this cause is set for rehearing before this court, as follows: respondent has until and including 20 October 1978 to file his brief addressing the questions of whether this court should exercise its inherent power to determine what discipline, if any, should be imposed upon respondent, and, if any, the extent thereof; and the State has until and including 9 November 1978 to file its brief addressing the same questions.

The result is that the order appealed from is vacated and this cause is retained in this court for further proceedings.

Order vacated.

Cause retained.

Judges CLARK and WEBB concur.