THOMAS F. MINOR v. VIRGINIA H. MINOR

No. 8212DC592

(Filed 21 June 1983)

**Rules of Civil Procedure § 41.2— defiance of court's orders—dismissal of motion in cause**

The trial judge did not err in refusing to consider plaintiff's motion in the cause and in dismissing the motion because of plaintiff's prolonged and continuing defiance of the court's previous orders. G.S. 1A-1, Rule 41(b).

APPEAL by plaintiff from *Hair, Judge.* Order entered 22 December 1981 in District Court, CUMBERLAND County. Heard in the Court of Appeals 20 April 1983.

Upon the plaintiff suing for an absolute divorce, the defendant counterclaimed for permanent alimony, and since then various orders requiring support payments of the plaintiff have been entered. None of the orders have been complied with, however, and plaintiff has been adjudged in contempt several times, but with little effect, since he appeared at none of the hearings and has not been found by the sheriff. By order entered 11 December 1979 he was found to be in contempt of court for being $2,100 in arrears under the terms of the previous orders and was ordered to pay defendant $800 a month thereafter.

The plaintiff, a retired Army officer, receives a substantial monthly income from the U. S. Army Pay and Financial Center in Indianapolis, Indiana. As the alimony arrearage continued to grow, in January, 1981, pursuant to the provisions of G.S. 50-16.7, an order was entered directing plaintiff to execute an assignment of wages or income in favor of the defendant in the amount of $800 a month and ordering him to show cause why, pursuant to the provisions of Rule 70 of the Rules of Civil Procedure, the court should not appoint someone to execute the assignment for him if he did not do so himself by a certain time. When plaintiff

failed to make the assignment as directed, the judge appointed the Clerk of Court to execute it for him.

Upon the Army Pay and Financial Center receiving the income assignment and complying with it by reducing plaintiff's monthly payment in the amount of $800 and sending it to defendant, plaintiff filed a motion in the cause, requesting that the court direct the Center to disregard the assignment, which plaintiff contends is in effect a garnishment of his military pay contrary to law. In response thereto the defendant moved that the plaintiff's motion be dismissed because of plaintiff's continuing refusal to obey any of the several orders entered herein. At the hearing thereon, citing the plaintiff's repeated defiance of the court, the judge declined to consider plaintiff's motion on the merits and entered an order dismissing it, pursuant to the provisions of Rule 41(b) of the Rules of Civil Procedure. It is from this order that the plaintiff appealed.

*Hutchens & Waple, by Mark L. Waple, for plaintiff appellant.*

*Beaver & Holt, by H. Gerald Beaver, for defendant appellee.*

PHILLIPS, Judge.

The scope of this appeal is very narrow, indeed. It is not concerned with the propriety of any of the alimony or contempt orders, or of the order of income assignment, or even of the income assignment itself, none of which has been excepted to or appealed from. Nor is it concerned with the merits of the plaintiff's motion in the cause, which has not been considered and ruled on by the trial judge. The only question presented for decision is whether the judge erred in refusing to consider plaintiff's motion in the cause and dismissing it because of plaintiff's continuing and prolonged defiance of the court's orders. In our view, no error has been shown.

The part of Rule 41(b) pertinent hereto reads as follows:

For failure of the plaintiff to prosecute or to comply with these rules *or any order of court, a defendant may move for dismissal of an action or of any claim therein* against him. [Emphasis supplied.]

Though motions are not mentioned therein, it necessarily follows that a rule which expressly authorizes the judge to dismiss a

recalcitrant and disobedient plaintiff's action also authorizes him to dismiss a mere motion made in support of the action. That the judge was abundantly justified in doing so is equally plain and requires no discussion.

In passing, we note, however, that the power to sanction disobedient parties, even to the point of dismissing their actions or striking their defenses, did not originate with Rule 41(b). It is longstanding and inherent. 27 C.J.S. *Dismissal & Nonsuit* § 59. For courts to function properly, it could not be otherwise.

The order appealed from is

Affirmed.

Judges HILL and JOHNSON concur.