GEORGE A. BRYANT, JR., AS EXECUTOR OF THE ESTATE OF GEORGE A. BRYANT, SR.; G. A. BRYANT, JR., AS ATTORNEY-IN-FACT FOR GEORGE A. BRYANT, SR., UNDER POWER OF ATTORNEY; AND GEORGE A. BRYANT, JR., INDIVIDUALLY v. WALTER W. PITT, JR., HARRY G. BRYANT, JOSEPH T. CARRUTHERS, III, MRS. JOHN J. SHORT, AND WILLIAM KEARNS DAVIS

No. 8521SC473

(Filed 21 January 1986)

**Attorneys at Law § 10; Trial § 11— conduct of counsel—discipline—proper remedy**

The trial court properly granted defendants' motions to dismiss under Rule 12(b)(6) of the Rules of Civil Procedure where plaintiff sought disciplinary action against defendant attorneys for various actions taken or not taken in a civil action pending in another court, since it would have been improper for the trial court in the case at bar to discipline attorneys for conduct committed while practicing before another trial court in a case pending before that court, and plaintiffs' remedy lay either in a timely appeal upon the final disposition of the pending case, had it proceeded to unfavorable judgment, or in a subsequent proceeding, not in the commencement of a separate trial while the first trial was pending.

APPEAL by plaintiff from *Cornelius, Judge*. Order entered 3 January 1985 in Superior Court, FORSYTH County. Heard in the Court of Appeals 31 October 1985.

*George A. Bryant, Jr., for plaintiff appellant.*

*Bell, Davis & Pitt, P.A., by William K. Davis, Walter W. Pitt, Jr., and Joseph T. Carruthers, for defendant appellees.*

BECTON, Judge.

The trial court granted defendants' motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, and plaintiff appeals.

This action arose out of a civil action, *Short v. Bryant*, No. 83CVS4968, *appeal dismissed as interlocutory* (No. 8421SC923 N.C. Ct. App. 1984), *cert. denied* (No. 672P84 N.C. S.Ct. 1985), recently resolved by consent judgment in Forsyth County Superior Court. (Consent Judgment filed 17 September 1985.) George Bryant, Jr., Harry Bryant and Mrs. John Short are the children of George Bryant, Sr., who died in 1983. Prior to his death, George Bryant, Sr., gave George Bryant, Jr., power of attorney. After their father's death, Harry Bryant and Mrs. Short filed an action for an accounting by George Bryant, Jr., under the power of attorney and as executor of the estate of George Bryant, Sr. The plaintiffs amended their complaint in that action to allege mismanagement of funds by George Bryant, Jr.

It is not necessary to detail the proceedings in the trial court in *Short*. Suffice it to say there was extensive litigation over discovery matters, sanctions and other procedural matters. Apparently displeased with the results of his efforts before the trial court in *Short*, Mr. Bryant appealed certain adverse discovery rulings while the case was pending. His appeal was dismissed by this Court as premature (No. 8421SC923), and the Supreme Court denied Mr. Bryant's petition for certiorari (No. 672P84). Mr. Bryant then filed a separate action (the case at bar) against the attorneys representing the plaintiffs in *Short*, even though *Short* was pending, seeking (1) the removal of the plaintiffs' attorney in *Short* (Mr. Pitt and Mr. Carruthers); (2) the removal of defense counsel in the case at bar (Mr. Davis) and a prohibition on his practicing before the court as counsel in any action in which

George Bryant, Jr., is a party; (3) notification by this Court to the State Bar of the alleged misconduct of Pitt, Carruthers and Davis; and (4) reasonable attorney's fees. The trial court dismissed the action under Rule 12(b)(6). We affirm.[1]

As Mr. Bryant correctly notes, a Rule 12(b)(6) motion should not be granted unless it appears the plaintiff is entitled to no relief under any state of facts that could be proved in support of the complaint. *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E. 2d 611, 615 (1979). We also agree that a superior court has inherent authority to discipline attorneys. *In re Robinson*, 37 N.C. App. 671, 247 S.E. 2d 241 (1978); *cf. In re Northwestern Bonding Co., Inc.*, 16 N.C. App. 272, 192 S.E. 2d 33 (A trial court may discipline an attorney for misconduct occurring outside the courtroom context, upon sworn complaint of district attorney or by the court on its own motion, to protect the administration of justice.), *cert. denied and appeal dismissed*, 282 N.C. 426, 192 S.E. 2d 837 (1972). Nonetheless, we hold that it would have been improper for the trial court in the case at bar to discipline attorneys for conduct committed while practicing before another trial court in a case pending before that court.

The proper forum for Mr. Bryant to litigate the issues raised in the case at bar—the alleged misconduct of Carruthers, Davis and Pitt in *Short*, the allegedly dilatory filing of answers to interrogatories in *Short*, the alleged failure to completely answer interrogatories in *Short*, the filing of documents containing allegedly false statements in *Short*, and allegedly advising and causing witnesses to be unavailable in *Short*—was the trial court that was hearing *Short*. We realize that Mr. Bryant appealed several interlocutory rulings of the trial court in *Short* without success. Nevertheless, Mr. Bryant's remedy lay either in a timely appeal upon the final disposition of *Short*, had it proceeded to unfavorable judgment, or in a subsequent proceeding, not in the commencement of a separate trial while the first trial was pending. We conclude that the trial court did not err in granting defendant's motion to dismiss while *Short* was pending in another court.

---

1. The first issue is, of course, moot because *Short* is now resolved by consent judgment. The other issues remain justiciable.

When the trial court granted defendant's motion to dismiss, it denied defendants' motion for attorney's fees "without prejudice to defendants' right to pursue said motion at the conclusion of the appeal." We decline defendants' invitation to render an advisory opinion to address whether N.C. Gen. Stat. Sec. 6-21.5 (Cum. Supp. 1985) allows an award of attorney's fees to be based in part on the time and cost involved in an appeal.

For the reasons set forth above, we affirm the decision of the trial court.

Affirmed.

Judges WEBB and COZORT concur.