JERRY W. DANIELS v. MONTGOMERY MUTUAL INSURANCE COMPANY

No. 8522SC1011

(Filed 1 July 1986)

**Rules of Civil Procedure § 41.2; Costs § 3— failure to obey court order—sanctions less than dismissal—taxing of costs and attorney fees**

The trial court has the authority under N.C.G.S. § 1A-1, Rule 41(b) to impose sanctions less than dismissal, including costs and attorney fees, for failure to comply with a court order; but the court must make findings concerning the effectiveness of alternate sanctions and the party's ability to perform the alternative.

APPEAL by plaintiff from *Davis, Judge,* and *Smith, Judge.* Orders entered 5 November 1984 and 29 April 1985 in DAVIDSON County Superior Court. Heard in the Court of Appeals 11 February 1986.

*Wilson, Biesecker, Tripp & Sink by Joe E. Biesecker; and Brinkley, Walser, McGirt, Miller, Smith & Coles by Charles H. McGirt and Stephen W. Coles for plaintiff appellant.*

*Yates, Fleishman, McLamb & Weyher by Joseph W. Yates, III, and Gary R. Poole for defendant appellee.*

COZORT, Judge.

Plaintiff brought this action seeking to recover on a fire insurance policy. At the third trial of this matter plaintiff's counsel, in his opening argument, violated the trial court's order granting

Daniels v. Montgomery Mut. Ins. Co.

a motion in limine by referring to the fact that plaintiff had not been criminally prosecuted for burning his house. The trial court declared a mistrial and pursuant to Rule 41(b) ordered the plaintiff to pay the defendant's costs and attorney's fees connected with the third trial. Plaintiff did not pay. The trial court, pursuant to Rule 41(b), dismissed plaintiff's claim and awarded defendant approximately $50,000 on its counterclaim. Plaintiff appealed. A novel issue presented by this appeal is whether the trial court, pursuant to G.S. 1A-1, Rule 41(b), has the authority to impose a lesser sanction of costs, which include attorney's fees, against a party or his counsel. We hold that it does.

On 17 August 1982 plaintiff instituted this action by filing a complaint seeking to recover on a fire insurance policy he had purchased from the defendant. On 14 October 1981, the property insured by the defendant burned down. Plaintiff sought to recover $102,140.14 from the defendant. Defendant answered denying coverage and alleging that "plaintiff intentionally caused, procured, or acquiesced in the fire for the fraudulent purpose of collecting insurance benefits." Defendant counterclaimed seeking $48,792.76 for the amount of mortgage payments the defendant had paid on the first and second mortgages on plaintiff's property.

Prior to the first trial of this action defendant filed a motion in limine requesting that the plaintiff be prohibited from introducing evidence or referring to any evidence that no criminal charges had been filed against the plaintiff on account of the fire. Judge Hamilton H. Hobgood granted defendant's motion in limine. On 14 November 1983 a mistrial was declared in the first trial when plaintiff's counsel, Joe E. Biesecker, informed the court that he might be a witness on behalf of his client and therefore would need to withdraw.

On 7 May 1984, this action was called for trial for the second time. Joe E. Biesecker again appeared as counsel for plaintiff. Prior to the commencement of the second trial, Judge Robert A. Collier, Jr., reiterated the order of Judge Hobgood allowing defendant's motion in limine. The second trial ended in a mistrial by virtue of a deadlocked jury.

On 17 September 1984, this action was called to trial for the third time. Prior to the trial Judge James Davis reiterated the

Daniels v. Montgomery Mut. Ins. Co.

prior court order prohibiting the introduction of evidence or reference to any matter before the jury that no criminal charges had been filed against the plaintiff as a result of the fire. During opening statements to the jury, plaintiff's attorney, Joe E. Biesecker, made the following statement: "If Jerry Daniels had burned his house, then he ought to have been prosecuted." On 18 September 1984 a mistrial was declared by Judge Davis. On 26 September 1984, the defendant made a motion to dismiss pursuant to Rule 41(b) for failure of the plaintiff to comply with the order of court prohibiting him from introducing evidence or referring to the fact that no criminal charges had been filed against the plaintiff. As a lesser sanction, the defendant requested the trial court to tax plaintiff with the reasonable out-of-pocket expenses incurred by the defendant in defending the action. On 18 December 1984, Judge Davis denied the defendant's motion to dismiss but imposed a lesser sanction by ordering that the plaintiff be taxed with the reasonable out-of-pocket expenses, including attorney's fees, incurred by the defendant in connection with the third trial. The total amount assessed was $6,021.02 in costs, including legal fees of $3,372.75. The plaintiff was given 30 days to pay the costs.

The plaintiff failed to comply with the 17 December 1984 order. On 21 February 1985 defendant filed a motion to dismiss based upon plaintiff's failure to comply with the 17 December 1984 order. The motion was heard by Judge Donald L. Smith. Judge Smith concluded that he had no authority to alter, modify or vacate Judge Davis's order and that dismissal would be a proper means of enforcing the order. Accordingly, Judge Smith, pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure, dismissed the plaintiff's action and ordered that defendant recover $48,792.76 on its counterclaim. Plaintiff appealed from this order.

Three issues are presented in this appeal: (1) whether the trial court may, as an alternative to granting a motion to dismiss, tax plaintiff with the defendant's costs, including attorney's fees, incurred pursuant to the third trial; (2) whether the trial court erred in dismissing the plaintiff's complaint, pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure, for plaintiff's failure to comply with the order to pay costs; and, (3) whether the

trial court erred by entering judgment on defendant's counter-claim subsequent to dismissing the plaintiff's action.

The threshold question is whether the order assessing attorney's fees and costs with which plaintiff did not comply was properly entered. The propriety of the order depends on whether the trial court, pursuant to Rule 41(b), has the authority to impose a lesser sanction of costs, which include attorney's fees.

Rule 41(b) provides in pertinent part:

> *Involuntary dismissal; effect thereof.* For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim therein against him.

Our research has revealed no North Carolina cases discussing the power of the court to impose lesser sanctions pursuant to Rule 41(b) for failure to comply with an order of the court. Section (b) of Rule 41 is identical to the federal rule. *Whedon v. Whedon*, 313 N.C. 200, 328 S.E. 2d 437 (1985); *Joyner v. Thomas*, 40 N.C. App. 63, 251 S.E. 2d 906 (1979). Therefore, we will look to federal case law as a guide to a determination of this issue.

As a general rule, each party to a lawsuit bears his own attorney's fees and costs, absent express statutory or contractual authority. *Hall v. Cole*, 412 U.S. 1, 36 L.Ed. 2d 702, 93 S.Ct. 1943 (1973); *City of Charlotte v. McNeely*, 281 N.C. 684, 190 S.E. 2d 179 (1972). However, in the exercise of their equitable powers, courts may award attorney's fees absent such authority when interests of justice so require. *Hall, supra*, 412 U.S. at 4-5, 36 L.Ed. 2d at 707, 93 S.Ct. at 1945-46. *See* Mallor, *Punitive Attorney's Fees for Abuses of the Judicial System*, 61 N.C. L. Rev. 612 (1983). Recently, North Carolina has enacted a statutory provision which allows the assessment of attorney's fees against a party in cases where the court finds "that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading. . . . A party who advances a claim or defense supported by a good faith argument for an extension, modification, or reversal of law may not be required under this section to pay attorney's fees." G.S. 6-21.5. This provision appears to be based on deterring frivolous and bad faith lawsuits by the use of attorney's fees.

Daniels v. Montgomery Mut. Ins. Co.

The power of the court to dismiss pursuant to Rule 41(b) derives from the inherent power of the court to manage and control its proceedings. 5 *Moore's Federal Practice* Para. 41.11-.12 (2d ed. 1985); *see* G.S. 1A-1, Rule 41(b), Comment, Section (b); *Minor v. Minor*, 62 N.C. App. 750, 303 S.E. 2d 397 (1983). But dismissal with prejudice for failure to comply with a court order is a harsh sanction, particularly where the fault lies with plaintiff's counsel. *Moore's, supra.* We note that plaintiff's counsel strenuously argued in oral argument that plaintiff was blameless and that the violation of the motion in limine was due solely to the actions of his counsel at trial. The most extreme penalty, dismissal with prejudice, should be imposed only after full consideration of the effectiveness of less stringent measures. *Rogers v. Kroger Co.*, 669 F. 2d 317 (5th Cir. 1982). "[T]he courts have frequently imposed lesser sanctions, such as fining plaintiff's attorney, denying the motion to dismiss on the condition plaintiff pay defendant for attorney's fees, or dismissing without prejudice." *Moore's, supra.* The imposition of costs due to an attorney's inappropriate conduct may often be preferable to dismissal. *Poulis v. State Farm Fire & Cas. Co.*, 747 F. 2d 863, 869 (3d Cir. 1984).

North Carolina courts have the inherent power to impose fines and sanctions against an attorney for disobeying a court order. *In re Robinson*, 37 N.C. App. 671, 247 S.E. 2d 241 (1978). In *Robinson* this court stated:

> [A] Superior Court, as part of its inherent power to manage its affairs, to see that justice is done, and to see that the administration of justice is accomplished as expeditiously as possible, has the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it. Sanctions available include citations for contempt, censure, informing the North Carolina State Bar of the misconduct, *imposition of costs,* suspension for a limited time of the right to practice before the court, suspension for a limited time of the right to practice law in the State, and disbarment.

*Id.* at 676, 247 S.E. 2d at 244 (emphasis added). Thus, this Court has recognized the power of the trial court to tax costs against an errant attorney.

In *Hornbuckle v. Arco Oil & Gas Co.*, 732 F. 2d 1233 (1984), *cert. denied*, --- U.S. ---, 89 L.Ed. 2d 312, 106 S.Ct. 1198 (1986),

the Fifth Circuit Court of Appeals was presented with a case similar to the case *sub judice.* There the plaintiff's lawyer refused to start the trial because of a conflict in his case schedule. The court ordered the plaintiff to reimburse the defendant for attorney's fees and costs incurred in preparation for the scheduled trial that had been, in effect, wasted as a result of the necessity of rescheduling the trial. Plaintiff Hornbuckle failed to pay, and the court dismissed the suit. The plaintiff argued that she was not financially able to pay the costs and attorney's fees. The Fifth Circuit affirmed, finding that the trial court, pursuant to Rule 41(b), had the power to impose sanctions, including costs and attorney fees, on either counsel or client, as may be appropriate; however, the court remanded the case for express findings concerning whether plaintiff Hornbuckle had the ability to pay the sum assessed as an alternative to dismissal, and, if not, whether any sanction less severe than dismissal, including those that might be assessed against counsel, would be appropriate and sufficient. *Id.* at 1237. *See also Mallor, supra,* at 646-52; *Cauley v. Wilson,* 754 F. 2d 769 (7th Cir. 1985); *Scarborough v. Eubanks,* 747 F. 2d 871 (3d Cir. 1984).

With the foregoing, persuasive legal principles in mind, we hold that the trial court has the authority, pursuant to Rule 41(b), to impose lesser sanctions against a party or counsel for failure to comply with a court order. The lesser sanctions imposed may include costs plus attorney's fees. In considering what sanctions to impose, the trial court must make findings concerning the effectiveness of alternative sanctions and must make findings that the plaintiff is capable of performing the alternative. Accordingly, we remand the case for express findings concerning whether plaintiff had the ability to pay the sum assessed as an alternative to dismissal, and, if not, whether any sanction less severe than dismissal, including those which might be assessed against counsel, would be appropriate and sufficient.

Having determined that the original order is not supported by sufficient findings and is thus erroneous, we vacate the second order dismissing the plaintiff's claim and granting defendant's counterclaim. *Thornburg v. Lancaster,* 303 N.C. 89, 277 S.E. 2d 423 (1981).

The order taxing cost and attorney's fees against plaintiff is vacated. The order dismissing the plaintiff's action and awarding

defendant $48,792.76 on its counterclaim is vacated. The cause is remanded for findings as set forth above.

Vacated and remanded.

Judges WELLS and WHICHARD concur.