Qian v. Zheng, 2025 NCBC 40.

STATE OF NORTH CAROLINA

NASH COUNTY

JIA QIAN; JIANGANG JIAO; and
LINA LI,

>Plaintiffs,
>Counterclaim
>Defendants, and
>Crossclaim
>Defendants,

and

GUANGYUAN LI; PEIJUN YIN;
JIAN ZHANG, et al.,

>Intervenor
>Plaintiffs and
>Counterclaim
>Defendants,

v.

LIJIA ZHENG; YAWEI ZHENG;
HAOYU QI; and FANG LIN;

>Defendants,
>Counterclaim
>Plaintiffs, and
>Crossclaim
>Defendants

HALIFAX SAFEGUARD PROPERTY,
LLC;

>Defendant,
>Counterclaim
>Plaintiff, and
>Crossclaim
>Plaintiff,

and

CAROLINA SAWMILLS, L.P.

>Nominal
>Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
23CVS000581-630

**ORDER AND OPINION ON
INDIVIDUAL DEFENDANTS'
MOTION FOR SANCTIONS AGAINST
PLAINTIFFS JIANGANG JIAO AND
LINA LI**

1.  **THIS MATTER** is before the Court upon Defendants Lijia Zheng, Yawei Zheng, Fang Lin, and Haoyu Qi's (collectively, the "Individual Defendants") Motion for Sanctions Against Plaintiffs Jiangang Jiao and Lina Li (the "Sanctions Motion") filed pursuant to Rule 37 of the North Carolina Rules of Civil Procedure (the "Rule(s)") on 20 May 2025 in the above-captioned case.[1]

2.  Having considered the Sanctions Motion, the parties' materials offered in support of and in opposition to the Sanctions Motion, and other relevant matters of record, the Court concludes that the Sanctions Motion should be **GRANTED**.

> *Jia Qian, Jiangang Jiao, and Lina Li, pro se.*
>
> *Reid & Wise, LLC, by Matthew Sava, and Fitzgerald, Hanna & Sullivan, PLLC, by Douglas W. Hanna, for Intervenor Plaintiffs.*
>
> *Brooks, Pierce, McLendon, Humphrey & Leonard LLP, by Jennifer K. Van Zant, Kearns Davis, William A. Robertson, Cameron V. Ervin, and Jimmy Chang, for Defendants Lijia Zheng, Yawei Zheng, Fang Lin, and Haoyu Qi.*
>
> *Wagner Hicks, PLLC, by Sean C. Wagner, Jonathon D. Townsend, and Meagan L. Allen, for Defendant Halifax Safeguard Property LLC.*

Brown, Judge.

I.

FINDINGS OF FACT

3.  Plaintiffs Jia Qian, Jiangang Jiao ("Jiao"), and Lina Li ("Li"), members of Defendant Halifax Safeguard Property, LLC ("Halifax") and its management committee, sued Lijia Zheng and Yawei Zheng, fellow members of Halifax and its

---

[1] (Individual Defs.' Mot. Sanctions Against Pls.' Jiangang Jiao & Lina Li [hereinafter, "Sanctions Mot."], ECF No. 330.)

management committee, on 25 April 2023.[2]  Plaintiffs filed an amended complaint on 22 February 2024, adding Fang Lin as a named defendant and asserting claims against Lijia Zheng, Yawei Zheng, and Fang Lin for appointment of a receiver and breach of contract, and against Lijia Zheng and Yawei Zheng for breach of fiduciary duty.[3]

4.  Discovery quickly derailed after counsel for the Individual Defendants served Requests for Production of Documents and Interrogatories to Plaintiffs (the "Discovery Requests") on 2 July 2024.[4]  On 24 September 2024, several days before the 3 October 2024 deadline to respond to the Discovery Requests, Plaintiffs' counsel filed a Motion to Withdraw from representation of Jiao and Li.[5]  In the Motion to Withdraw, counsel stated they "have been unable to meaningfully communicate with Jiao and Li as this litigation has developed" and, in particular, they "have unsuccessfully sought to communicate with Jiao and Li about responding to the outstanding discovery requests and pleadings . . . despite multiple attempts."[6] Plaintiffs' counsel filed a motion for extension of time to respond to the Discovery

---

[2] (Verified Compl. ¶¶ 2–3, 5, 7–8, 17, 20, ECF No. 2.)  Haoyu Qi and Fang Lin, also members of Halifax and its management committee, and Halifax were identified as nominal defendants.

[3] (Am. Compl., ECF No. 145.)

[4] (Index Exs. Defs.' Br. Supp. Mot. Sanctions Against Jiangang Jiao & Lina Li, Ex. 1 – Individual Defs.' July 2, 2024 Interrogs. & Reqs. Produc. Docs. to Pls. Jia Qian, Jiangang Jiao, & Lina Li, ECF No. 332.1.)

[5] (Mot. Withdraw Couns. for Pls. Jiangang Jiao & Lina Li [hereinafter, "Mot. Withdraw"], ECF No. 238.)

[6] (Mot. Withdraw 2.)

Requests and other outstanding pleadings on behalf of Jiao and Li contemporaneously with their motion to withdraw.[7] The Court granted counsel's motion for an extension of time in part, setting the deadline for Jiao and Li to respond to the Discovery Requests to sixty days after the Court ruled on counsel's motion to withdraw.[8] On 18 October 2024, the Court granted counsel's motion to withdraw and ordered that Jiao and Li respond to the Discovery Requests and other outstanding pleadings by 17 December 2024.[9]

5. Despite the 18 October Court Order, Jiao and Li failed to respond to the Discovery Requests by the 17 December deadline.[10] On 19 December 2024, counsel for the Individual Defendants wrote to Jiao and Li to remind them of their duty to respond to the Discovery Requests, inquire about the status of their discovery responses, and schedule a meet and confer to discuss discovery-related matters.[11] Receiving no response, counsel for the Individual Defendants again followed up with Jiao and Li on 21 January 2025, requesting a response to the Discovery Requests and informing Jiao and Li of their intention to begin the process for filing a motion to

---

[7] (Mot. Extension Time Respond Disc. Reqs., Countercls., & Cross-cls., ECF No. 237.)

[8] (Order Mot. Extension Time Respond Disc. Reqs., Countercls., & Cross-cls., ECF No. 239.)

[9] (Order Mot. Withdraw Couns. for Pls. Jiangang Jiao & Lina Li, ECF No. 245.)

[10] (Br. Supp. Mot. Sanctions Against Pls.' Jiangang Jiao & Lina Li [hereinafter, "Br. Supp. Sanctions Mot."] 2, ECF No. 331.)

[11] (Index Exs. Defs.' Br. Supp. Mot. Sanctions Against Jiangang Jiao & Lina Li, Ex. 2 – 12/19/24 Deficiency Letter, ECF No. 332.2.)

compel.[12]  Having again received no response from Jiao and Li, counsel for the Individual Defendants submitted a Business Court Rule (BCR) 10.9 Dispute Summary to the Court on 6 February 2025.[13]

6.    In their 6 February BCR 10.9 Dispute Summary, counsel for the Individual Defendants asked the Court for leave to file a motion for sanctions pursuant to Rule 37(d) or, in the alternative, a motion to compel responses to the Individual Defendants' Discovery Requests pursuant to Rule 37(a) against Jiao and Li.[14]  In response to the Individual Defendants' Dispute Summary, Li contacted the Court via email on 17 February 2025, identifying herself as a "former plaintiff" and stating that, on 30 August 2024, she "sent an email to notify the attorneys and all members of the [management] committee that [she] wished to withdraw as a plaintiff from the case, and that [she] would no longer be involved in the company's management committee or as a shareholder in [Halifax]."[15]  Jiao submitted his response to the Dispute Summary on 18 February 2025, stating he failed to respond to the Individual Defendants' Discovery Requests because (1) he is "unable to afford the high litigation costs and thus cannot hire a new attorney to assist in responding to legal proceedings"

---

[12] (Index Exs. Defs.' Br. Supp. Mot. Sanctions Against Jiangang Jiao & Lina Li, Ex. 3 – 1/21/25 Follow-up Deficiency Email, ECF No. 332.3.)

[13] (Index Exs. Defs.' Br. Supp. Mot. Sanctions Against Jiangang Jiao & Lina Li, Ex. 4 – 2/6/25 BCR Rule 10.9 Summ. to Ct., ECF No. 332.4.)

[14] (Index Exs. Defs.' Br. Supp. Mot. Sanctions Against Jiangang Jiao & Lina Li, Ex. 4 – 2/6/25 BCR Rule 10.9 Summ. to Ct. 2.)

[15] (*See* Index Exs. Defs.' Br. Supp. Mot. Sanctions Against Jiangang Jiao & Lina Li, Ex. 6 – Aug. 2024 Email from Pl. Li, ECF No. 332.6.)

and (2) "[a]ccording to the Federal Rules of Civil Procedure (FRCP 26(b)(1)), the party in possession of complete information is responsible for disclosure" and "[a]ll company documents are maintained by the defendant, who is responsible for their complete submission."[16]

7.     The Court entered an Order on 7 April 2025 addressing various discovery issues, including Jiao and Li's failure to respond to the Discovery Requests.[17]  In the 7 April Order, the Court found that, "despite her wish to cease being a party to this lawsuit, . . . Li remains a party and cannot withdraw so long as counterclaims or crossclaims remain pending against her" and ordered Jiao and Li to "serve complete responses to the Individual Defendants' discovery requests no later than 28 April 2025."[18]  The Court further granted the Individual Defendants leave to file appropriate motions for sanctions against Jiao and Li should they fail to respond to the Discovery Requests by 28 April.[19]

8.     Jiao and Li once again failed to respond to the Discovery Requests by the Court-ordered deadline and, on 20 May 2025, the Individual Defendants filed the Sanctions Motion now before the Court.[20]

---

[16] (Index Exs. Defs.' Br. Supp. Mot. Sanctions Against Jiangang Jiao & Lina Li, Ex. 5 – 2/18/25 Pl. Jiao Resp.)

[17] (Order Individual Defs.' & Intervenor Pls.' BCR 10.9 Disp. Summs., ECF No. 308.)

[18] (Order Individual Defs.' & Intervenor Pls.' BCR 10.9 Disp. Summs. 3–6.)

[19] (Order Individual Defs.' & Intervenor Pls.' BCR 10.9 Disp. Summs. 4, 6.)

[20] (Sanctions Mot.)

9.     Jiao emailed a response to the Individual Defendants' Sanctions Motion the same day, stating "[w]ithout the guidance of legal counsel, [he] may have inadvertently failed to send the relevant email or documents to all required recipients" and that he has "made every reasonable effort to follow the Court's instructions to the best of [his] ability."[21]  Interpreting Jiao's brief email as a response to the Sanctions Motion, the Individual Defendants filed a reply brief on 29 May 2025, contending Jiao has still not served any response to the Discovery Requests, in violation of two Court orders, and reasserting their request for relief.[22]  Later that same day, Jiao emailed a response to the Individual Defendants' reply brief, stating he submitted the requested discovery materials to the Clerk's Office and two unidentified "designated recipients" on 27 April 2025 and explaining his "failure to serve all required parties was due to a misunderstanding of the procedural requirements, not any intent to evade responsibility or disregard the Court's authority."

10.     Li, though never responding directly to the Sanctions Motion, emailed the Court on 29 May 2025 stating she is "unsure what response is expected of [her] by the Court[,]" that she does not have legal representation, and that she "officially submitted a request to withdraw as a plaintiff on August 30, 2024 [and since then she has] not been following correspondence from the various attorneys involved[.]"

---

[21] (Reply Br. Supp. Mot. Sanctions Against Pl. Jiangang Jiao, Ex. A – 2025.05.20 Jiao Resp. Opp. Mot. Sanctions, ECF No. 333.1.)

[22] (Reply Br. Supp. Mot. Sanctions Against Pl. Jiangang Jiao, ECF No. 333.)

11.     Pursuant to BCR 7.4, the Court determines, in its discretion, that neither a hearing nor additional briefing would materially assist the Court in ruling on the Sanctions Motion. The Court thus elects to decide the Sanctions Motion on the record before it.

II.

CONCLUSIONS OF LAW

12.     The Individual Defendants request that the Court impose sanctions pursuant to the Court's inherent authority and under Rule 37. Specifically, the Individual Defendants seek an order (1) prohibiting Jiao and Li from supporting the claims in Plaintiffs' Amended Complaint or Intervenors' Second Amended Complaint in Intervention,[23] (2) prohibiting Jiao and Li from opposing the Defendants' defenses to the claims in Plaintiffs' Amended Complaint or Intervenors' Second Amended Complaint in Intervention, and (3) barring Jiao and Li from introducing evidence regarding the same.[24]

13.     Trial courts retain the inherent authority "to do all things that are reasonably necessary for the proper administration of justice." *Beard v. N.C. State Bar*, 320 N.C. 126, 129 (1987). "[T]he power to sanction disobedient parties, even to the point of dismissing their actions or striking their defenses, . . . is longstanding and inherent." *Minor v. Minor*, 62 N.C. App. 750, 752 (1983); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (holding that statutory schemes and court rules

---

[23] (Second Am. Compl. Intervention, ECF No. 250.)

[24] (Sanctions Mot. 2.)

do not "displace[] the [court's] inherent power to impose sanctions for . . . bad-faith conduct," for statutory schemes and court rules, even when considered together, "are not substitutes for . . . inherent power"); *Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 674 (1987) ("[W]e hold it to be within the inherent power of the trial court to order plaintiff to pay defendant's reasonable costs including attorney's fees for failure to comply with a court order."); *Cloer v. Smith*, 132 N.C. App. 569, 573 (1999) ("The trial court . . . retains inherent authority to impose sanctions for discovery abuses beyond those enumerated in Rule 37."); *Few v. Hammack Enters., Inc.*, 132 N.C. App. 291, 298–99 (1999) (finding it was within the trial court's inherent authority to strike a party's answer for willful failure to comply with the rules of court); *Lomax v. Shaw*, 101 N.C. App. 560, 563 (1991) (concluding trial court "was well within the bounds of the court's inherent authority to manage the case docket when he struck the defendants' answer" for failing to execute a consent judgment).

14. Separate and apart from a trial court's inherent authority to impose sanctions, Rule 37(b) permits a court to order a variety of sanctions against a party who fails to obey a court order regarding discovery. *See* N.C. R. Civ. P. 37(b); *Bumgarner v. Reneau*, 332 N.C. 624, 630 (1992) ("Rule 37 establishes certain sanctions for failure of a party to comply with discovery processes."); *see also Essex Grp., Inc. v. Express Wire Servs.*, 157 N.C. App. 360, 363 (2003) ("Rule 37 sanctions are powers granted to the trial courts of our state to prevent or eliminate dilatory tactics on the part of unscrupulous attorneys or litigants."); *Am. Tel. & Tel. Co. v. Griffin*, 39 N.C. App. 721, 727 (1979) ("[T]he discovery rules should be constructed

liberally so as to substantially accomplish their purposes. The administration of these rules lies necessarily within the province of the trial courts; Rule 37 allowing the trial court to impose sanctions is flexible, and a broad discretion must be given to the trial judge with regard to sanctions." (citations and quotation marks omitted)); *Out of the Box Devs., LLC v. LogicBit Corp.*, 2014 NCBC LEXIS 7, at \*7 (N.C. Super. Ct. Mar. 20, 2014) (concluding that Rule 37(b) may be used to sanction a party for violating a Rule 26(c) protective order because "the orderly and efficient progression of litigation demands that the trial court be empowered to police violations of [discovery] orders"). Permissible sanctions under Rules 37(b) and (d) for a party's failure to serve answers to interrogatories or other discovery requests include, but are not limited to, the establishment of facts, the exclusion of evidence, or the striking out of pleadings or parts thereof. N.C. R. Civ. P. 37(b)(2), (d).

15. In assessing appropriate sanctions, a court may consider the entire record before it. *See Ray v. Greer*, 212 N.C. App. 358, 363 (2011); *Batlle v. Sabates*, 198 N.C. App. 407, 420 (2009) (affirming trial court's dismissal of plaintiff's complaint as a sanction where trial court considered "the totality of the circumstances of the case in determining the appropriate sanction" (internal quotation marks omitted)). Indeed, "[w]hen sanctioning a party under its inherent authority, the court must weigh the circumstances of each case and choose a sanction that, in the court's judgment, 'properly takes into account the severity of the party's disobedience.'" *Out of the Box Devs., LLC*, 2014 NCBC LEXIS 7, at \*10 (quoting *Patterson v. Sweatt*, 146 N.C. App. 351, 357 (2001)).

16. Here, as set forth above, Jiao and Li have evaded responding to the Discovery Requests for over a year and have violated two Court orders instructing them to respond to the Discovery Requests. Jiao and Li's *pro se* status does not excuse them from their duty to respond to discovery requests. As stated in this Court's 7 April Order on the Individual Defendants' BCR 10.9 Dispute Summary, "fairness to opposing parties requires holding *pro se* litigants to minimal standards of compliance with the Rules of Civil Procedure[,]" and, like all parties, *pro se* litigants are required to participate in the discovery process, respond to legal proceedings, and act in accordance with the rules of and orders issued by this Court.[25] Relatedly, as the Court held in its 7 April Order, "despite her wish to cease being a party to this lawsuit, . . . Li remains a party and cannot withdraw so long as counterclaims or crossclaims remain pending against her."[26] As such claims remain pending against Li, she is not permitted to withdraw from the lawsuit and she continues to have a duty to respond to communications from attorneys, participate in the discovery process, and respond to legal proceedings.

17. Furthermore, a party's lack of "intent to evade responsibility or disregard the Court's authority" does not protect them from sanctions. "North Carolina law does not require a party to have willfully violated a court order to justify an award of Rule 37 sanctions." *Dunhill Holdings, LLC v. Lindberg*, 282 N.C. App. 36, 64 (2022); *see also Henderson v. Wachovia Bank of N.C., N.A.*, 145 N.C. App. 621, 629 (2001)

---

[25] (Order Individual Defs.' & Intervenor Pls.' BCR 10.9 Disp. Summs. 4–5.)

[26] (Order Individual Defs.' & Intervenor Pls.' BCR 10.9 Disp. Summs. 3.)

("[T]he plain language of Rule 37 does not require a showing of willfulness. The order of default judgment may be entered against a defendant pursuant to Rule 37(b)(2) for failure to obey a court order whether the failure was willful or not."); *Tumlin v. Tuggle Duggins P.A.*, 2018 NCBC LEXIS 51, at \*31 (N.C. Super. Ct. May 22, 2018) ("North Carolina courts do not presently require the party requesting sanctions to demonstrate, as a part of its burden, that it suffered prejudice as a result of the opposing party's discovery failures or that the opposing party acted willfully.").

18. Based on Jiao's and Li's conduct as set forth above, the Court concludes that the Sanctions Motion should be granted and that sanctions should be awarded against Jiao and Li for their conduct in this litigation. Jiao's and Li's failure to participate in the discovery process has incontrovertibly deprived the Individual Defendants of the opportunity to gain information about the claims against them and their defenses to those claims. To prevent unfair prejudice to the Individual Defendants, the Court holds that Jiao and Li should be barred from taking any additional actions to support their claims against Individual Defendants or to oppose Individual Defendants' defenses to those claims. Such sanctions are proportional and consistent with Rules 37(b)(2) and (d).

III.

CONCLUSION

19. **WHEREFORE**, the Court, in the exercise of its discretion and for good cause shown, hereby **GRANTS** the Sanctions Motion and **ORDERS** as follows:

a. Plaintiffs Jiangang Jiao and Lina Li are prohibited from supporting the claims in Plaintiffs' Amended Complaint or Intervenors' Second Amended Complaint in Intervention;

b. Plaintiffs Jiangang Jiao and Lina Li are prohibited from opposing Defendants' defenses to the claims in Plaintiffs' Amended Complaint or Intervenors' Second Amended Complaint in Intervention; and

c. Plaintiffs Jiangang Jiao and Lina Li are barred from introducing evidence regarding the same.

**SO ORDERED**, this the 31st day of July, 2025.

/s/ A. Todd Brown
A. Todd Brown
Special Superior Court Judge
 for Complex Business Cases